J-S48029-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
                                      :        PENNSYLVANIA
                 Appellee          :
                                        :
                v.                 :
                                        :
SYLVESTER DION TATE,           :
                                        :
                Appellant        :   No. 183 WDA 2015

Appeal from the PCRA Order January 21, 2015,
Court of Common Pleas, Erie County,
Criminal Division at No(s): CP-25-CR-0000447-2014
and CP-25-CR-0003018-2008

BEFORE:   PANELLA, DONOHUE and WECHT, JJ.

MEMORANDUM BY DONOHUE, J.:           **FILED AUGUST 18, 2015**

Sylvester Dion Tate ("Tate") appeals pro se from the January 21, 2015 order entered by the Erie County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"). Upon review, we reverse the PCRA court's order, vacate Tate's judgment of sentence and remand for resentencing.

On July 3, 2014, Tate entered a negotiated guilty plea to the charge of possession of a controlled substance with intent to deliver.[1] Pursuant to the plea agreement, the Commonwealth nol prossed additional charges pending against him,[2] reduced the amount of cocaine he was accused of possessing

---

[1]   35 P.S. § 780-113(a)(30).

[2]   Tate was also facing charges of criminal conspiracy (18 Pa.C.S.A. § 903(c)) and three counts of criminal use of a communication facility (18 Pa.C.S.A. § 7512(a)).

from 31.5 grams to 9.9 grams, and recommended that the trial court sentence Tate to the mandatory minimum sentence in effect at that time. *See* 18 Pa.C.S.A. § 7508(a)(3)(i), *held unconstitutional by* **Commonwealth v. Cardwell**, 105 A.3d 748, 750 (Pa. Super. 2014). The plea court accepted Tate's guilty plea and sentenced him in accordance with the negotiated agreement to three to six years of incarceration immediately following the entry of his plea.[3]

Tate did not file any post-sentence motions or a direct appeal. On September 14, 2014, Tate filed a pro se PCRA petition raising challenges to the plea court's subject matter jurisdiction and ineffective assistance of counsel based upon plea counsel's failure to file post-sentence motions or a direct appeal on Tate's behalf. The PCRA court appointed counsel ("PCRA counsel"). On November 3, 2014, PCRA counsel filed a **Turner/Finley**[4] "no-merit" letter and requested to withdraw as counsel. Therein, PCRA counsel concluded that Tate's jurisdictional claims were meritless, but did not address Tate's assertion that prior counsel was ineffective for failing to file post-sentence motions or a direct appeal. Curiously, at the conclusion of PCRA counsel's "no-merit" letter, PCRA counsel identified a "legally viable claim possessed of arguable merit that would compel the striking of the

---

[3] Tate had a prior conviction of possession of a controlled substance with intent to deliver.

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

sentence and resentencing," to wit, that Tate's mandatory minimum sentence was illegal pursuant to the United States Supreme Court's decision in **Alleyne v. U.S.**, __ U.S. __, 133 S. Ct. 2151 (2013). **Turner/Finley** Letter, 11/3/14, at 2.

On December 29, 2014, the PCRA court issued an opinion and notice of its intent to dismiss Tate's pro se PCRA petition pursuant to Pa.R.Crim.P. 907. The PCRA court did not address Tate's claim of ineffective assistance of counsel based upon prior counsel's failure to file post-sentence motions or a direct appeal on his behalf. It found his jurisdictional challenges to be meritless. It further found his legality of sentencing claim to be meritless. With respect to this final issue, the PCRA court based its decision on the fact that Tate was sentenced following the entry of a guilty plea and thus "concede[d] the factual predicates that implicate the mandatory minimum sentence." PCRA Court Opinion, 12/29/14, at 4. The PCRA court further found that cases decided by this Court interpreting the **Alleyne** decision did not entitle Tate to relief, as this Court decided those cases after Tate's sentencing proceeding. Relying on **Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014) (en banc), the PCRA court stated that Superior Court decisions interpreting **Alleyne** "are not retroactive" and therefore,

"they offer [Tate] no assistance." *Id.* The PCRA court ultimately dismissed Tate's PCRA petition without a hearing on January 21, 2015.[5]

Tate filed a timely pro se notice of appeal. The PCRA court did not order Tate to file a concise statement of errors complained of on appeal, and issued a statement that it relied upon its December 29, 2014 opinion on appeal.

On appeal, Tate raises the following issues for our review:

> [1.] When sentencing counsel and PCRA counsel failed to preserve [Tate]'s appellate rights, doesn't this deprive [Tate] of the effective assistance of counsel as guaranteed under the U.S. and Pa. Constitutions; and amount to plea/sentencing counsel abandoning [Tate] – which thereafter [Tate] filed a timely PCRA [petition] to raise his ALLEYNE (illegal sentence) and subsequent PCRA counsel[']s failure to preserve the issues of plea/sentencing counsel[']s failure to preserve his direct appeal rights for the illegal sentence and amend his PCRA petition to include these issues?
>
> [2.] Wasn't [Tate] deprived of his right to file a direct appeal based on sentencing counsel's failure to file to [sic] requested appeal? And wasn't [Tate] denied the assistance of counsel when PCRA counsel failed to raise, preserve, and brief sentencing counsel[']s

---

[5] We note that the PCRA court did not address PCRA counsel's request to withdraw. This is problematic, as PCRA counsel has never been given permission to withdraw, and absent such permission, Tate is entitled to representation on appeal. *See* Pa.R.Crim.P. 904(C) (indigent PCRA petitioners entitled to appointment of counsel for first PCRA petition). Nonetheless, because we conclude that Tate is serving an illegal sentence, which is an issue that may be raised by this Court sua sponte, *see* *Commonwealth v. Melvin*, 103 A.3d 1, 52 (Pa. Super. 2014), we conclude, for the sake of judicial efficiency, that we need not remand the case for the PCRA court to rule upon PCRA counsel's request.

- 4 -

> failure to file his direct appeal; amounting to a total and constructive denial of counsel and a violation of his rights under the Constitutions for the United States and Pennsylvania?

Tate's Brief at 3.

We need only address the legality of Tate's sentence. ***See Commonwealth v. Ali***, 112 A.3d 1210, 1225 (Pa. Super. 2015) ("***Alleyne*** challenges implicate the legality of a sentence."). A challenge to the legality of a defendant's sentence is not waivable and may be decided as long as we have jurisdiction to decide the case. ***Id.*** "An illegal sentence must be vacated." ***Id.*** A legality of sentence claim presents a question of law over which our standard of review is de novo and our scope of review is plenary. ***Id.***

We begin with a brief discussion of the pertinent law underlying the issue. The sentencing statute in question, section 7508, states, in relevant part:

> **(a) General rule.**--Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:
>
> \* \* \*
>
> (3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any

mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine **shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine** as set forth in this subsection::

> (i) when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, **if at the time of sentencing the defendant has been convicted of another drug trafficking offense: three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity** [.]

\* \* \*

**(b) Proof of sentencing.**--Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. **The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.**

18 Pa.C.S.A. § 7508(a)(3)(i), (b) (emphasis added).  On June 17, 2013, the

United States Supreme Court decided ***Alleyne v. U.S.***, wherein it held that

"facts that increase mandatory minimum sentences must be submitted to the jury." *Alleyne*, 133 S.Ct. at 2163.

On November 25, 2014, in *Commonwealth v. Cardwell* this Court held that pursuant to *Alleyne*, section 7508 was facially unconstitutional in its entirety. *Cardwell*, 105 A.3d at 754-55. The defendant in *Cardwell* stipulated at trial to the weight of the drugs recovered. *Id.* at 754. The trial court in *Cardwell* concluded that the Commonwealth proved the weight of the drugs beyond a reasonable doubt, alleviating any *Alleyne*-related problem. *Id.* On appeal, we disagreed, stating that section 7508(b) was not severable from the rest of the statute. *Id.* Further, relying on this Court's prior decisions in *Commonwealth v. Newman*[6] and *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014),[7] the *Cardwell* Court stated, "[C]reating a new procedure in an effort to impose a

---

[6] In *Newman*, we rejected the Commonwealth's suggestion that we remand for a sentencing jury to make the required determination, stating "that it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following *Alleyne*." *Newman*, 99 A.3d at 102.

[7] In *Valentine*, we held that the mandatory sentencing provisions contained in sections 9712 and 9713 of the Sentencing Code were unconstitutional pursuant to *Alleyne*, as both sections required the trial court to determine by a preponderance of the evidence factors triggering the implementation of a mandatory minimum sentence. *Valentine*, 101 A.3d at 809, 812. Although in *Valentine*, the jury, not the trial court, determined on the verdict slip the existence of the factors triggering the application of sections 9712 and 9713, we concluded that pursuant to *Newman*, "the trial court performed an impermissible legislative function by creating a new procedure in an effort to impose the mandatory minimum sentences in compliance with *Alleyne*." *Id.* at 811.

mandatory minimum sentence is **solely** within the province of the legislature." ***Cardwell***, 105 A.3d at 754-55 (emphasis supplied). This Court thus concluded that the trial court erred by imposing the mandatory minimum provided for in section 7508. ***Id.*** at 755.

Turning to the decision in the case at bar, we disagree with the PCRA court's conclusion that the Pennsylvania Superior Court cases interpreting the ***Alleyne*** decision that were decided after Tate's sentencing hearing cannot be applied to this case.[8] ***See*** PCRA Court Opinion, 12/29/14, at 4. In so finding, the PCRA court relies upon the following excerpt from the ***Newman*** decision:

> To be entitled to the retroactive application of a new constitutional rule, a defendant must have raised and preserved the issue in the court below:
>
> [W]here an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal.

***Newman***, 99 A.3d at 90 (quoting ***Commonwealth v. Cabeza***, 469 A.2d 146, 148 (Pa. 1983)) (emphasis omitted); ***see*** PCRA Court Opinion, 12/29/14, at 4. The cases decided by the Superior Court interpreting the

---

[8] We note that in lieu of filing a responsive brief on appeal, the Commonwealth submitted a letter to this Court, stating, in relevant part: "This Honorable Court has jurisdiction to address [Tate]'s timely allegation of the imposition of an illegal sentence and the case should be remanded for re-sentencing." Letter from the Commonwealth, 6/29/15.

*Alleyne* decision, however, do not announce a new constitutional rule. They simply apply the new constitutional rule announced by the United States Supreme Court in *Alleyne* to the Pennsylvania sentencing statutes concerning mandatory minimum sentences. We routinely rely upon cases decided subsequent to the entry of the judgment of sentence interpreting relevant areas of the law. *See, e.g., Cardwell*, 105 A.3d at 755 (although the judgment of sentence in *Cardwell* was entered on June 18, 2013, the *Cardwell* Court relied upon the holdings in *Newman*, decided on August 20, 2014, and *Valentine*, decided on October 3, 2014, in reaching its decision that the defendant was serving an illegal sentence pursuant to *Alleyne*).

Even if these cases were inapplicable, the PCRA court's conclusion that Tate is not entitled to resentencing is incorrect. As stated above, *Alleyne* was decided prior to Tate's guilty plea and sentencing hearing. Thus, the holding of *Alleyne* unquestionably applies to Tate's case. The *Alleyne* decision clearly renders the mandatory sentencing scheme contained in section 7508 unconstitutional, as section 7508 does not require facts that increase mandatory minimum sentence for convictions of possession with intent to deliver, i.e., the weight of the drugs recovered, to be submitted to a jury. *See Alleyne*, 133 S.Ct. at 2163; 18 Pa.C.S.A. § 7508(a)(3)(ii), (b).

Pursuant to the United States Supreme Court's decision in *Alleyne* and the decision by this Court in *Cardwell* interpreting *Alleyne*, Tate's

sentence pursuant to the mandatory sentencing provision contained in section 7508 is illegal. ***See Alleyne***, 133 S.Ct. at 2163; ***see also Cardwell***, 105 A.3d at 755. That Tate pled guilty and admitted the facts underlying the applicability of the mandatory minimum sentencing provision of section 7508 is irrelevant. ***See Cardwell***, 105 A.3d at 754-55.

We therefore vacate Tate's judgment of sentence and remand the case for resentencing without consideration of the mandatory minimum sentence contained in section 7508. The trial court shall appoint counsel to represent Tate at the resentencing hearing. Following resentencing, if Tate wishes to file a direct appeal, he shall be entitled to do so, limited to raising issues permitted following the entry of a guilty plea.

Order reversed. Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2015