469 A.2d 146

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Davico L. CABEZA, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 17, 1983.

Decided Dec. 29, 1983.

Eric B. Henson, Deputy Dist. Atty., Garold E. Tennis, Philadelphia, for appellant.

Norris E. Gelman, Philadelphia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

OPINION

LARSEN, Justice.

On November 3, 1979, the appellee, Davico L. Cabeza, was convicted by a jury of first degree murder in the shooting death of Mrs. Helen Cook in a West Philadelphia Lounge. Following the denial of post trial motions, the court sentenced appellee to life imprisonment. Upon appeal from the judgment of sentence, a three judge panel of the Superior Court reversed and remanded for a new trial.[1] The court decided that a new trial was required because during cross-examination of appellee's character witnesses, the prosecutor, over defense counsel's objections, was permitted to pursue questions concerning two prior arrests of the appellee. Neither of the arrests about which the witnesses were interrogated had resulted in a conviction.[2]

In reversing the judgment of sentence, the Superior Court relied on our holding in *Commonwealth v. Scott,* 496 Pa. 188, 436 A.2d 607 (1981), decided on November 5, 1981.[3] In *Scott* we rejected the rule that allowed a prosecutor to cross-examine character witnesses as to mere arrests of the accused. Speaking for a unanimous court, then Chief Justice O'Brien stated:

> Under this rule which we abrogate, the cross-examination must have pertained to arrests which relate to the character trait vouched for on direct. McCormick on

1. *Commonwealth v. Cabeza,* 300 Pa.Super. 483, 446 A.2d 958 (1982).

2. The appellee, Davico L. Cabeza, had been arrested in 1973 for unlawful possession of drugs and in 1976 for aggravated assault and related offenses.

3. Scott was convicted of third degree murder and a violation of the Uniform Firearms Act. Prior to the close of the Commonwealth's case, defense counsel informed the court he intended to call various character witnesses who would testify as to the defendant's good reputation in the community. The defendant asked the court to prohibit the prosecutor from asking any of the witnesses on cross-examination whether he had heard anyone in the community mention that Scott had been arrested on two previous occasions. The trial court denied Scott's request and ruled that such questions would be permitted. As a result, the defendant did not call the proposed character witnesses.

Evidence, § 191, n. 14 (2d Ed.1972). Thus, the Commonwealth would have been permitted to ask appellant's character witness if they had heard that appellant had been arrested for assaulting his wife and on a weapons charge. Despite any cautionary instruction the court may have given the jury, the undue prejudice to appellant is obvious. On one hand, the jury would have heard that appellant had a reputation for being peaceful while on the other hand, the jury would also have heard that appellant had been arrested on two charges. Had appellant been convicted of the charges, it would be easier to say that he must suffer the consequences of placing his character at issue. But instantly, the arrests which would have been alluded to never resulted in convictions. Since an arrest is equally consistent with either guilt or innocence, the cases allowing such cross-examination are overruled. *Commonwealth v. Scott,* 496 Pa. at 196, 197, 436 A.2d at 611, 612.

The sole issue in this appeal is whether the rule announced in *Commonwealth v. Scott, supra,* should be applied retroactively to appellee's case which was pending on appeal at the time of the *Scott* decision.

In the present case, the appellee's only defense was his good character. He called four witnesses who offered testimony to that effect. During the cross-examination of two of the character witnesses, the prosecutor asked whether the witness ever heard that the appellee was arrested twice previous to the arrest for which he was then on trial. This line of inquiry was sanctioned by prior case law [4] and the trial judge overruled appellee's objections. In his post trial motions and in his appeal to the Superior Court the appellee preserved and argued the issue of unfair and improper cross-examination of his character witnesses.

The appellant Commonwealth argues that appellee's trial was fairly conducted in accordance with the law then pertaining. Further, it is urged that the evidentiary rule established in *Scott* is not of constitutional dimensions and

4. *Commonwealth v. Jenkins,* 413 Pa. 606, 198 A.2d 497 (1964).

should not be applied to appellee's trial which occurred two years before the *Scott* decision.

In *August v. Stasak*, 492 Pa. 550, 424 A.2d 1328 (1981) we considered the question of retroactive application of an overruling decision in the environment of a civil case.[5] The question in *August* was whether an insurance policy provision would be enforced in accordance with the approach which prevailed at the time of trial, or under a rule change announced while the appeal in *August* was pending. We said there that since no distinction could be drawn between the appellant in *August* and the injured litigant in the overruling case, the same relief should be available. Considering the similarity of the facts in *August* to those of the overruling case, we noted that *August* may well have been the case which set aside prior law if the overruling case had not been decided while *August* was pending on appeal.

"[O]ur rule in civil cases which applies the law in effect at the time of appellate decision applies with equal force to criminal proceedings."

*Commonwealth v. Brown*, 494 Pa. 380, 384, 431 A.2d 905, 907 (1981).

"Evenhanded decision making requires that similiarly situated individuals on direct appeal be treated the same."

*Commonwealth v. Brown*, 494 Pa. at 385, 431 A.2d at 908.

In the present case, as in *Scott*, the lower court ruled that character witnesses could be cross-examined as to previous arrests of the accused which did not result in convictions. In both cases, a defense challenge to the ruling was raised during trial and the issue preserved and argued in post trial motions and on appeal. The only noteworthy difference between *Scott* and the appellee is that *Scott* was argued

**5.** August involved an automobile insurance policy provision which required the insured to give prompt notice of any accident or loss to the insurer. This kind of provision was always interpreted to release an insurer of liability where notice was untimely. While *August* was on appeal, the case of *Brakeman v. Potomac Insurance Co.*, 472 Pa. 66, 371 A.2d 193 (1977) was recorded. *Brakeman* held that untimely notice would release the insurance company only where prejudice was shown.

and decided first. The instant case may well have been the case which overruled prior law if *Scott* had not been decided while appellee's appeal to the Superior Court was pending. The question of whether to apply an enlightened rule in favor of a discredited one should not be determined by the fortuity of who first has his case decided by an appellate court.

Therefore, we hold that where an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal. Accordingly, the principle established in *Scott* is applicable here and appellee is entitled to a new trial.

The order of the Superior Court is affirmed.

NIX, McDERMOTT and HUTCHINSON, JJ., filed dissenting opinions.

NIX, Justice, dissenting.

I dissent. The majority today, in the name of "evenhanded decision making," *Commonwealth v. Cabeza*, 300 Pa.Super. 483, 487, 446 A.2d 958, 960 (1982), has fashioned a "sweeping rule of retroactive application," *see August v. Stasak*, 492 Pa. 550, 554, 424 A.2d 1328, 1330 (1981), which cannot be justified under the principles of jurisprudence which should properly guide the decision whether to give retrospective effect to a new rule announced by this Court. "Retroactive application is a matter of judicial discretion which must be exercised on a case by case basis." *August v. Stasak, supra*, 492 Pa. at 554, 424 A.2d at 1330, *citing Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

> The "even handed justice" argument myopically considers only the interest of the disappointed litigant and ignores our responsibility to provide a fair system of justice for all of the citizens of this Commonwealth. The litigant's

interest in securing the benefit of the change must be considered in conjunction with the purposes intended to be accomplished by the change and the impact of a retrospective application upon the system. Such a balancing approach is essential in ensuring true fairness not only to the litigant, but also to society as a whole. *Commonwealth v. Geschwendt,* 500 Pa. 120, 134, 454 A.2d 991, 999 (1982) (plurality opinion).

See *also Commonwealth v. Brown,* 494 Pa. 380, 387, 431 A.2d 905, 909 (1981) (Larsen, J., dissenting). It cannot be overemphasized that both the federal and our state constitutions are silent on the question of retroactivity. *See Commonwealth v. Geschwendt, supra.*

I disagree with the majority's conclusion that *Commonwealth v. Scott,* 496 Pa. 188, 436 A.2d 607 (1981), must be applied retroactively to the instant matter for two reasons. First, the change embodied in *Scott* was not constitutionally compelled. "The argument of the necessity of decision-making consistency in the application of constitutionally compelled decisions loses its force when removed from the constitutional setting." *Commonwealth v. Geschwendt, supra,* 500 Pa. at 130, 454 A.2d at 996. Thus it would have been appropriate in the instant case for this Court to weigh appellant's interest in reaping the benefit of the new rule against the purposes sought to be accomplished therein and the impact of retroactive application upon our system of criminal justice. Here, as in *Commonwealth v. Geschwendt, supra,* "we are concerned with merely a change in state practice," *Id.* 500 Pa. at 130, 454 A.2d at 996. The change in *Scott* represents a refinement of that practice rather than a correction of a "serious flaw in the fact-finding process." *Id.,* 500 Pa. at 132, 454 A.2d at 997. *Scott* announced a better rule of evidence to be applied in criminal trials. The salutary purposes of this new rule cannot be significantly advanced by its retrospective application. Moreover, the application of *Scott* to trials already conducted would have a deleterious effect upon the administration

of criminal justice. Thus there is no justification for the majority's decision to apply *Scott* retroactively.

My second ground for disagreement with the majority is the fact that the *Scott* decision represents a "clear break with the past." *See United States v. Johnson,* 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982) (where new constitutional rule was unanticipated, a finding of nonretroactivity is indicated). *Scott* explicitly overruled our prior case law, under which the prosecution was permitted to question a character witness as to prior arrests of the defendant not resulting in conviction. *See Commonwealth v. Little,* 449 Pa. 28, 295 A.2d 287 (1972); *Commonwealth v. Amos,* 445 Pa. 297, 284 A.2d 748 (1971); *Commonwealth v. Jenkins,* 413 Pa. 606, 198 A.2d 497 (1964). Moreover, in *Scott* we noted that a vast majority of jurisdictions, following *Michelson v. United States,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948), allow such an inquiry. Thus even if the *Scott* rule had been constitutionally compelled, its nonretroactive application would be clearly indicated. *See United States v. Johnson, supra; Commonwealth v. Geschwendt, supra.*

Accordingly, I would reverse the Order of the Superior Court and reinstate appellant's judgment of sentence.

McDERMOTT, J., joins in this dissenting opinion.

McDERMOTT, Justice, dissenting.

Character evidence is substantive evidence. It is both relevant and important. It should be presented by and from a source knowledgeable as to its truth. While it is certainly true that an arrest in and of itself proves nothing, it is also true that a series of arrests, (not uncommon in this day) may be pause to consider the full knowledge the witness has of another's reputation. One arrested for a laundry list of offenses in the community in which he lives may indeed be innocent of all, yet the knowledge of such arrests should at least be considered in establishing the accuracy of the proferred reputation evidence. One who

comes to laud the estimious reputation of another should at least be aware of all that makes a name.

Because I believe that this Court erred in *Commonwealth v. Scott*, 496 Pa. 188, 436 A.2d 607 (1981), I must dissent from the retroactive application of that decision.

I join with Mr. Justice Nix in his analysis of retroactivity.

HUTCHINSON, Justice, dissenting.

For the reasons set forth therein, I join that portion of Mr. Justice McDermott's Dissenting Opinion which would hold *Commonwealth v. Scott*, 496 Pa. 188, 436 A.2d 607 (1981) was wrongly decided. However, accepting *Scott* as the law of this Commonwealth, as I must since the majority has chosen not to overrule it, I agree with the conclusion that retroactive application is appropriate here.