468 A.2d 1095

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Danny GLASCO, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 17, 1983.

Decided Dec. 29, 1983.

Eric B. Henson, Deputy Dist. Atty., Garold E. Tennis, Asst. Dist. Atty., for appellant.

Frank M. Jackson, Philadelphia, for appellee.

Before ROBERTS, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

LARSEN, Justice.

On February 2, 1979, the appellee, Danny Glasco, was convicted by a jury of simple assault, indecent assault and involuntary deviate sexual intercourse.[1] In his defense the appellee had called his brother, Lee Glasco, to testify as a character witness. During cross examination, the court, over objection of defense counsel, permitted the prosecutor to question the witness concerning prior arrests of appellee.[2] The appellee appealed from judgment of sentence

1. The appellee was found not guilty of rape.

2. During the cross-examination of appellee's character witness, the jury learned that appellee was arrested in 1972 for assault and battery with intent to ravish and rape, assault with intent to commit sodomy, and solicitation to commit sodomy and that in 1977 he was arrested for kidnapping, indecent assault, aggravated assault, simple assault and unlawful restraint. The jury also learned that approximately five

arguing that the trial court erred in allowing questions about unrelated arrests to be put to his character witness.

The Superior Court, relying on our holding in *Commonwealth v. Scott*, 496 Pa. 188, 436 A.2d 607 (1981), awarded the appellee a new trial.[3] In *Scott*, decided on November 5, 1981, this Court unanimously rejected the rule that allowed the prosecution to cross-examine character witnesses as to mere arrests of the accused. We granted the Commonwealth's petition for allowance of appeal. The Commonwealth argues that the rule change announced in *Scott* should not be retroactively applied to appellee's trial which took place almost three years previous to the *Scott* decision.

Based upon and for the reasons set forth in our opinion and decision in *Commonwealth v. Cabeza*, 503 Pa. 228, 469 A.2d 146 (1983)[4], the order of the Superior Court granting appellee a new trial is affirmed.

NIX, J., did not participate in the decision or consideration of this case.

McDERMOTT and HUTCHINSON, JJ., filed dissenting opinions.

McDERMOTT, Justice, dissenting.

I dissent for the reasons set forth in my dissenting opinion in *Commonwealth v. Cabeza*, 503 Pa. 228, 469 A.2d 146 (1983).

HUTCHINSON, Justice, dissenting.

I dissent for the reasons set forth in my dissenting opinion and Mr. Justice McDermott's dissenting opinion in *Commonwealth v. Cabeza*, 503 Pa. 228, 469 A.2d 146 (1983).

months after the incident for which he was then on trial, appellee was arrested for rape.

3. *Commonwealth v. Glasco*, 298 Pa.Super. 189, 444 A.2d 724 (1982).

4. Appellant Glasco is in the same position as appellant Cabeza and therefore should receive the same treatment. "Evenhanded decision making requires that similarly situated individuals on direct appeal be treated the same." *Commonwealth v. Brown*, 494 Pa. 380, 384, 431 A.2d 905, 908 (1981).