**Hart v. State Farm Mutual Automobile Insurance Company**

C.P. of Lawrence County, no. 11154 of 1999, C.A.

*Dallas W. Hartman,* for plaintiffs.
*Daniel L. Rivetti,* for defendants.

PRATT, *P.J.,* June 18, 2004—Defendants have filed a motion to amend order or to reconsider order, requesting that the court amend or reconsider its September 9, 2003

order affirming its December 31, 2002 order and opinion disposing of the parties' cross-motions for summary judgment.

Both parties requested summary judgment regarding Count II (breach of contract) of the plaintiffs' complaint. The issue for the court's disposition regarding the motions for summary judgment was the enforceability of the named driver exclusion in the insurance policy of plaintiff Cathy J. Hart, plaintiff Michael G. Hart's spouse. Plaintiffs' primary contention in seeking summary judgment was that defendant State Farm's denial of underinsured motorist coverage to plaintiff Michael G. Hart based on the named driver exclusion was erroneous and contrary to Pennsylvania law, and that the named driver exclusion was invalid and unenforceable.

On December 31, 2002, this court issued and filed an order and opinion which held that a named driver exclusion authorized by the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. §1718(c), is only applicable to first-party benefits and not to uninsured motorist (UM) or underinsured motorist (UIM) benefits. The court further held that it is against Pennsylvania's public policy for an insurance company to expand the scope of the named driver exclusion beyond the statutory authorization to deny all insurance coverages, including UM and UIM benefits. Such named driver exclusions, this court ruled, were invalid and unenforceable. As a result, the court concluded that the plaintiffs were entitled to summary judgment regarding Count II (breach of contract) of the plaintiffs' complaint. The court adopted the approach of our sister state of

Delaware in the absence of any Pennsylvania appellate court precedent available at that time.

The same day, December 31, 2002, that this court filed its order and opinion, the Pennsylvania Supreme Court filed a decision stating the exact opposite, *i.e.,* to the extent a named driver exclusion operates as a bar to UM/UIM coverage, the result is consistent with public policy and consumer choice. *Progressive Northern Insurance Co. v. Schneck,* 572 Pa. 216, 223, 813 A.2d 828, 832 (2002). Prior to the ruling in *Schneck,* the law was not settled regarding named driver exclusions and UM/UIM coverage in Pennsylvania.

In response to *Schneck,* defendants then filed a motion to amend the December 31, 2002 order to include language, pursuant to Pa.R.A.P. 1311 and 42 Pa.C.S. §702(b), which would allow them to seek a permissive appeal to the Superior Court. The court granted the motion on January 24, 2003. On March 26, 2003, the Superior Court denied the permissive appeal.

Defendants then filed their first motion for reconsideration of the court's December 31, 2002 order and opinion, citing *Schneck.* The court, on May 20, 2003, denied the motion for reconsideration, explaining that more than 30 days had elapsed since the December 31, 2002 order and, consequently, the court was precluded from reconsidering it under 42 Pa.C.S. §5505.

Thereafter, defendants filed a second motion for reconsideration of the December 31, 2002 order and opinion. Both parties were directed, by order of court on June 25, 2003, to submit briefs regarding the issue of whether *Schneck* should control the disposition of the named

driver exclusion issue. Defendants' brief was timely filed but misplaced by the prothonotary's office and not docketed timely. As a result, the court did not consider defendants' brief when it issued the order and opinion on September 9, 2003, affirming the order and opinion of December 31, 2002.

Parenthetically, in disposing of defendants' instant motion, the court has reviewed defendants' brief filed in support of their second motion for reconsideration.

Where an appellate decision announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal. *Commonwealth v. Cabeza,* 503 Pa. 228, 233, 469 A.2d 146, 148 (1983).

*Schneck* announced a new principle of law, that named driver exclusions barring UM/UIM coverage were not against public policy and would be enforced. *Schneck* at 223, 813 A.2d at 832. The decision was not specifically declared to be prospective. Thus, this court must follow *Schneck.* See *Cabeza, supra.*

Following the ruling in *Schneck,* the unambiguous language of the named driver exclusion in plaintiff Cathy J. Hart's insurance policy specifically excludes coverage for claims arising while any motor vehicle is operated by plaintiff Michael G. Hart and is not against public policy. The named driver exclusion is, therefore, valid and enforceable.

The plaintiffs, in their motion for summary judgment, also claimed that the named driver exclusion was invalid

because it was not properly executed or endorsed as required by plaintiff Cathy J. Hart's insurance policy. The court did not address this issue in its December 31, 2002 order and opinion, because the named driver exclusion was found to be invalid and unenforceable for the reasons specified above, and this finding was sufficient in disposing of both motions for summary judgment. However, this court, in its September 9, 2003 order of court, found this to be an alternative basis for affirming its December 31, 2002 order of court. Upon reconsideration, the court must consider this additional issue.

Plaintiffs' insurance policy specifies that its terms may be changed only by an endorsement signed by an executive officer of the corporation. Defendants have filed of record the deposition of Walter R. Kropp, a State Farm underwriting operations supervisor, along with attached exhibits, in support of their motion for summary judgment. Attached to the Walter R. Kropp deposition, as an exhibit, is a blank driver exclusion endorsement signed by the president of State Farm that meets the requirements of the policy. But, none of the defendants retained a copy of the completed or executed driver exclusion endorsement. Allegedly, the only outstanding copy is the original that was forwarded to plaintiff Cathy J. Hart.

Kropp's deposition, because of credibility and weight of the evidence issues, creates a question of fact about whether the driver exclusion endorsement was properly executed in accordance with the insurance policy. Thus, the court cannot determine as a matter of law that the driver exclusion endorsement, as part of plaintiff Cathy J. Hart's insurance policy, was properly executed. Con-

sequently, summary judgment would be inappropriate at this juncture.

Therefore, the decision of the court to grant summary judgment in favor of the plaintiffs with respect to Count II of their complaint, the breach of contract claim, must be vacated.

As with plaintiffs, defendants have also requested that the court grant summary judgment in their favor regarding Count II (breach of contract). Although *Schneck* requires that the court find the named driver exclusion valid and enforceable, in this case, as noted earlier, the court cannot rule as a matter of law that the named driver exclusion (driver's exclusion endorsement) was properly executed based upon the existence of a question of fact regarding that issue. Resultantly, summary judgment for the defendants would also not be appropriate at this time.

Finally, defendants presented their motion to amend order or to reconsider order, referring to the September 9, 2003 order of court, despite this court's stern admonishment, as part of the order, that any subsequent motions for reconsideration would be considered frivolous, dilatory, and vexatious, and subject to sanctions. However, after carefully reviewing defendant's timely filed brief, the various orders of court entered in this case, and the holding of *Schneck,* the court shall refrain from imposing sanctions against defendants.

The court shall effectuate the conclusions of this opinion by separate order.

The court recognizes that this opinion and foregoing order involve a controlling question of law as to which

there is a substantial ground for difference of opinion and that an immediate appeal of the foregoing order pursuant to Pa.R.A.P. 1311(a) may materially advance the ultimate termination of this matter. Accordingly, under 42 Pa.C.S. §702(b), the court shall grant the parties permission to appeal the foregoing interlocutory order to the Superior Court.