**[J-84-2016] [MO: Baer, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 36 EAP 2015 |
| | : | |
| Appellee | : | Appeal from the Judgment of Superior |
| | : | Court entered on 06/27/14 at No. 1784 |
| | : | EDA 2013 affirming the judgment of |
| v. | : | sentence entered on 11/01/10 in the |
| | : | Court of Common Pleas Philadelphia |
| | : | County, Criminal Division, at No. CP-51- |
| KAREEM BARNES, | : | CR-0005943-2009 |
| | : | |
| Appellant | : | ARGUED: September 13, 2016 |
| | : | |

**CONCURRING OPINION**

**JUSTICE DOUGHERTY**                                    **DECIDED: December 28, 2016**

The majority finds the application of *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013), renders appellant's sentence illegal which, in turn, renders appellant's belated challenge to his sentence valid despite his failure to timely raise the issue in the lower courts. In so doing, today's majority opinion expressly adopts the lead opinion in *Commonwealth v. Foster*, 17 A.3d 332 (Pa. 2011) (plurality), which takes a categorical approach derived from 42 Pa.C.S. §9781, a statute governing the manner by which different types of sentencing claims may be reviewed on direct appeal, but does not directly address issue preservation. The result is appellant receives the benefit of *Alleyne* notwithstanding his failure to raise and preserve an *Alleyne* claim.

Like Chief Justice Saylor, in reaching such a result, I prefer an approach employing a balancing of interests and values, such as was outlined in two concurring opinions in *Foster*. *See* 17 A.3d at 346 (Castille, C.J., concurring) and *id.* at 355 (Saylor, J., concurring). In balancing those interests here, I note this Court is not faced with a situation, such as pertains in the post-conviction review context, where statutorily

prescribed interests and concerns of finality weigh against giving broader retroactive effect to a new federal rule not (or not yet) deemed fully retroactive by the High Court. *See Commonwealth v. Washington*, 142 A.3d 810, 819 (Pa. 2016) ("balancing fairness and finality is essential in considering the appropriate retrospective effect of a new rule of constitutional procedure"). There is no Pennsylvania statute that commands, or restrains, the Court in this instance. Rather, and similar to *Foster*, the proffered impediment to implementing *Alleyne* in this direct appeal is derived from interests essentially embodied in judicial doctrines, however salutary as a general rule, regarding issue preservation and presentation, which must be balanced against the nature of the new rule represented by *Alleyne*.

The U.S. Supreme Court is well aware that new constitutional rules can be disruptive of legitimate state interests, including the interest in finality, which is why the High Court has a highly developed retroactivity jurisprudence. *See, e.g., Commonwealth v. Cunningham*, 81 A.3d 1, 4-5 (Pa. 2013) (discussion of U.S. Supreme Court retroactivity jurisprudence). As I understand that jurisprudence, the U.S. Supreme Court recognizes that cases pending in a trial court or on direct appeal when it issues a new rule are different from those where the judgment has already become final when the High Court speaks: litigants on direct appeal are entitled to the benefit of the new rule as a matter of federal law, assuming the issue governed by the rule is properly in the case. Again, as I understand it, the U.S. Supreme Court does not concern itself with state issue preservation doctrines that may exist to afford greater retroactive application than is strictly commanded by that Court on direct appeals: in short, states have greater leeway in granting effect to new federal rules as a matter of state law, whether that law involves construction of judicial default doctrines, statutes, or some other source of law.

Most issues, including constitutional issues, are waivable. As a general matter, then, to secure the benefit of an objection, whether encompassing a new rule or not, the defendant should preserve the issue at all stages of litigation. *See, e.g., Commonwealth v. Cabeza*, 469 A.2d 146 (Pa. 1983) ("[W]here an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal."); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). However, I am satisfied that in instances involving new federal constitutional rules issued before a case becomes final on appeal, it is appropriate to look to other interests. A necessary consequence of **limiting** the retroactive effect of new rules is the creation of classes of defendants, some who receive relief (here, from a mandatory sentence), some who do not. Those denied application of the new rule are denied the individualized sentencing that would otherwise be required absent the mandatory sentencing provision. To limit the effect of that imbalance, and in the absence of a governing legislative expression on the matter to the contrary, I favor a more expansive application of this sort of disruptive new rule on direct appeals, even at the expense of procedural doctrines which I suspect were not necessarily intended to address this sort of complicated scenario.

Accordingly, I concur in the result.