J-S10011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ARTHUR LEE MOSLEY, JR., | |
| Appellant | No. 2401 EDA 2016 |

Appeal from the Judgment of Sentence Entered June 30, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001889-2015

BEFORE:  BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MARCH 28, 2017**

Appellant, Arthur Lee Mosley, Jr., appeals from the judgment of sentence of 9 to 24 months' incarceration, followed by 3 years' probation, imposed after he was convicted of driving under the influence of alcohol (DUI) - highest rate of alcohol, as well as DUI - general impairment.[1]  On appeal, Appellant challenges the voluntariness of his consent to have his blood drawn.  After careful review, we affirm.

In May of 2015, Appellant was arrested in the area of a DUI checkpoint, based on an officer's suspicion that Appellant was driving while intoxicated.  "Appellant was then taken to the [c]ounty's DUI processing center which, notably, is part of the [Monroe] County Correctional Facility."

---

[1] *See* 75 Pa.C.S. §§ 3802(c) and (a)(1), respectively.

Appellant's Brief at 7. There, he was given the implied consent warnings set forth in 75 Pa.C.S. § 1547(b)(2).[2] **See** Trial Court Opinion (TCO), 8/31/16, at 1. Appellant consented to a blood draw, from which his blood alcohol concentration (BAC) was determined to be in the highest rate, as defined by 75 Pa.C.S. § 3802(c) ("An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.").

Based on Appellant's BAC, he was charged with the above-stated DUI offenses. Notably, Appellant did not file any pretrial motions. On April 13,

_____

[2] That statute states:

> **(b) Suspension for refusal.--**
>
> > (2) It shall be the duty of the police officer to inform the person that:
> >
> > > (i) the person's operating privilege will be suspended upon refusal to submit to chemical testing; and
> > >
> > > (ii) if the person refuses to submit to chemical testing, upon conviction or plea for violating section 3802(a)(1), the person will be subject to the penalties provided in section 3804(c) (relating to penalties).

75 Pa.C.S. § 1547(b)(2).

2016, he was tried before a jury and was convicted of both DUI offenses. On June 30, 2016, Appellant was sentenced to 9 to 24 months' incarceration, followed by 3 years' probation, for his conviction of DUI - highest rate of alcohol, which constituted Appellant's third DUI offense. Appellant's conviction of DUI - general impairment merged for sentencing purposes.

Appellant filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he presents one issue for our review:

> 1. Should Appellant be granted a new trial under **Birchfield v. North Dakota**[, 136 S.Ct. 2160 (2016),] which was decided just before [Appellant] was sentenced on an enhanced, middle tier, 3rd offense DUI and as a result of a warrantless search of his blood and the form used to obtain his consent contains the impermissible threat of enhanced criminal penalties?

Appellant's Brief at 6 (emphasis omitted).

Appellant argues that he is entitled to a new trial in light of **Birchfield**, which was decided on June 23, 2016, after Appellant's trial but before his sentencing hearing. Pertinent to the issue before us, in **Birchfield**, the United States Supreme Court concluded that a state may not "insist upon an intrusive blood test, but also … impose criminal penalties on the refusal to submit to such a test." **Birchfield**, 136 S.Ct. at 2186. Additionally, the Court held "that motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." **Id.** In applying this

ruling to one of the three consolidated cases before it - where the driver had consented to a blood draw after being informed that his refusal to do so could be criminally penalized - the **Birchfield** Court remanded for the trial court to "reevaluate [that individual's] consent given the partial inaccuracy of the officer's advisory." **Id.** at 2186.

After **Birchfield**, this Court decided **Commonwealth v. Evans**, --- A.3d ----, 2016 PA Super 293, (Pa. Super. filed December 20, 2016). There, Evans was arrested and charged with DUI - highest rate of alcohol, and DUI - general impairment. In January of 2014 (prior to **Birchfield**), Evans filed a motion to suppress his BAC results, arguing that his consent to the blood draw was involuntary. **Id.** at *1. Specifically, Evans averred that his consent was coerced, as it was given only after police provided the implied consent warnings required by 75 Pa.C.S. § 1547, during which he was told that if he did not submit to the test, he would face harsher penalties. **Id.** In sum, Evans maintained that "his consent was involuntary and, since the police did not have a warrant, the taking of his blood constituted an unreasonable search in violation of both the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution." **Id.**

Following a suppression hearing in May of 2014, the trial court denied Evans's motion to suppress. **Id.** He was subsequently convicted of the DUI counts with which he was charged, and he was sentenced in June of 2015.

*Id.* at 3. Evans timely appealed, contending that the trial court erred by denying his motion to suppress. *Id.*

During the pendency of Evans's appeal, *Birchfield* was issued. In assessing the implications of the *Birchfield* decision to Pennsylvania's implied consent statute, the *Evans* panel held that "even though Pennsylvania's implied consent law does not make the refusal to submit to a blood test a crime in and of itself, the law undoubtedly 'impose[s] criminal penalties on the refusal to submit to such a test.'" *Evans*, 2016 PA Super at *8 (quoting *Birchfield*, 136 S.Ct. at 2185-86). Specifically, the *Evans* panel pointed to the DUI penalty provisions of 75 Pa.C.S. § 3804, stressing that:

> To be sure, Section 3804(c) provides that an "individual who violates section 3802(a)(1)[, DUI, general impairment] and refused testing of blood" is punished more severely than an individual who commits the stand-alone DUI, general impairment offense under Section 3802(a)(1)—and to the same extent as an individual who violates Section 3802(c), relating to DUI, highest rate of alcohol. 75 Pa.C.S.A. § 3804(c). As such, *Birchfield* controls the case at bar.

*Id.*

The *Evans* panel then addressed how *Birchfield* applied to Evans's case, where he had consented to the blood draw only "after being informed, by the police, that refusal to submit to the test could result in enhanced criminal penalties[]" under section 3804(c). *Evans*, 2016 PA Super at *8. We ultimately concluded that,

> [s]ince *Birchfield* held that a state may not 'impose criminal penalties on the refusal to submit to [a warrantless blood] test,"

- 5 -

> the police officer's advisory to [Evans] was partially inaccurate. Therefore, we must vacate [Evans's] judgment of sentence, vacate the suppression court's order, and remand the case to the trial court to "reevaluate [Evans's] consent ... [, based on] the totality of all the circumstances ... [and] given the partial inaccuracy of the officer's advisory." *Birchfield*, 136 S.Ct. at 2186.

*Evans*, 2016 PA Super at *8.

Clearly, under *Birchfield* and *Evans*, the voluntariness of Appellant's consent to the blood draw is questionable, given that he provided his consent only after being informed that harsher penalties would apply if he refused. However, Appellant's case is distinguishable from *Evans*, and does not warrant remand. Unlike Evans, Appellant did *not* file a pretrial motion to suppress challenging the voluntariness of his consent to the warrantless blood draw. Our Supreme Court has repeatedly declared "that in order for a new rule of law to apply retroactively to a case pending on direct appeal, *the issue had to be preserved at 'all stages of adjudication up to and including the direct appeal*.'" *Commonwealth v. Tilley*, 780 A.2d 649, 652 (Pa. 2001) (emphasis added) (holding that Tilley was not entitled to retroactive application of a new rule of law regarding the Commonwealth's use of peremptory challenges, which was issued during the pendency of Tilley's direct appeal, because Tilley had not "challenged the Commonwealth's use of peremptory challenges at trial and again on appeal") (quoting *Commonwealth v. Cabeza*, 469 A.2d 146, 148 (Pa. 1983)).

In sum, because Appellant at no point challenged the voluntariness of his consent to the blood draw before the trial court, we conclude that

*Birchfield* does not apply retroactively to his case.[3]  *See Tilley, supra*;

*Cabeza, supra*.  *See also Commonwealth v. Newman*, 99 A.3d 86, 90

(Pa. Super. 2014) (*en banc*) ("To be entitled to retroactive application of a

new constitutional rule, a defendant must have raised and preserved the

issue in the court below….") (citation omitted).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017

_____

[3] We point out that Appellant offers no argument that he *is* entitled to retroactive application of *Birchfield*, despite his failure to preserve his challenge to the voluntariness of his consent below.