CONCURRING STATEMENT BY BENDER, P.J.E.: I am constrained to agree that Appellant has. waived the issue she seeks-to raise herein. See Commonwealth v. Cabeza, 469 A.2d 146, 148 (Pa. 1983) (holding “that where an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal”) (emphasis added); see also Commonwealth v. Tilley, 780 A.2d 649, 652 (Pa. 2001). However, l am compelled to note my disagreement with the rule expressed in Cabeza and reiterated in Tilley. In my view,, we are essentially requiring defense counsel to predict, as if a fortuneteller, changes that might someday be made in the law, and. to assert — at all stages, of adjudication and appeal — any and every conceivable claim they can concoct. At the same time, however, if counsel fails to meet this requirement, we will likely not deem them ineffective. See Commonwealth v. Gribble, 863 A.2d 455, 464 (Pa. 2004) (“Counsel cannot be deemed ineffective for failing to predict developments or changes in the law.”). The. only logical, fair, and efficient practice would be to consider an issue preserved when it is raised in a timely fashion after the creation of the new rule on which it is grounded. Unfortunately, that is not the law at this time. Therefore, I must reluctantly concur. Judge Strassburger joins this concurring statement..