J-S43024-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOHNATHAN DRAKE COUSINS | |
| Appellee | No. 1801 WDA 2016 |

Appeal from the Order Dated November 1, 2016
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0000927-2015

BEFORE: STABILE, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:                     FILED  DECEMBEER 1, 2017

The Commonwealth of Pennsylvania, Appellant, appeals from the trial court order granting the post-sentence motion of Johnathan Drake Cousins and vacating Cousins' conviction and sentence for driving under the influence (DUI), 75 Pa.C.S. § 3802(d).  We reverse and remand.

The evidence at Appellant's trial included the results of chemical tests on Appellant's blood, which had been drawn without obtaining a warrant. The trial court summarized the procedural posture of Cousins' case as follows:

> Following a bench trial, [Appellant] was found guilty on June [1]7, 2016 of violating § 3802(d)(1)(i) and § 1301(a) of the Vehicle Code.  On August 18, 2016, the Court sentenced [Appellant] to pay fines and to undergo a period of county intermediate punishment.  Thereafter[, on August 25, 2016,

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant] filed a post-sentence motion challenging the reliability of the chemical testing performed in this case. At the time of the hearing on the motion [on September 26, 2016], in addition to presenting argument relating to the reliability of the chemical testing, counsel for [Appellant] argued that under Birchfield [v. North Dakota, 136 S.Ct. 2160, 195 L.Ed 560 (2016)], which was decided on June 23, 2016, the warrantless blood draw performed was unconstitutional. The Court based its decision to vacate the verdict and sentence on Birchfield, not on the reliability of the performed chemical testing. Should the Superior Court of Pennsylvania find that the decision to vacate was erroneous, this Court found that the Commonwealth put forth sufficient reliable evidence to sustain [Appellant's] conviction for driving under the influence in violation of 75 Pa.C.S.A. § 3802(d)(1)(i).

Trial Court Order Pursuant to Pa.R.A.P. 1925(a), 12/16/16, at 1-2. As we discuss below, Cousins did not raise any question regarding the constitutionality of the warrantless blood draw prior to the argument on his post-sentence motion.

The Commonwealth filed a timely appeal on November 22, 2016, and presents the following issues for our review:

1. Whether the trial court committed error and/or abused its discretion in applying Birchfield v. North Dakota, 136 S.Ct. 2160 (U.S. 2016) retroactively and/or in an ex post facto manner regarding the United States Supreme Court's holding surrounding a chemical draw and testing of blood and its application by Pennsylvania's courts that the Pennsylvania DL-26 Form warnings were coercive in nature thus invalidating a consensual blood draw?

2. Whether the trial court committed error by entertaining a Birchfield v. North Dakota argument to chemical testing by defense counsel and applying that case when the issue was not preserved or raised through pre-trial motion by defense counsel?

3. Whether the trial court erred in determining that the drug levels found in [Cousins'] blood/system as a result of the chemical testing of [Cousins'] blood fell within the margin of error thus giving rise to reasonable doubt?

Commonwealth Brief at 3.

In their first two issues, the Commonwealth challenges the trial court's retroactive application of Birchfield. The Commonwealth asserts that Cousins waived any claim under Birchfield because he failed to raise the issue "at all stages of adjudication," and "cannot argue that Birchfield didn't exist until June 23, 2016 as the claims raised in Birchfield could have been raised by defense counsel in the case at hand." Commonwealth Brief at 6. We agree.

This court recently addressed the retroactive application of Birchfield in Commonwealth v. Moyer, --- A.3d ----, 2017 WL 4348121, 2017 PA Super 314 (Oct. 2, 2017). In Moyer, we held that a defendant was not entitled to retroactive application of Birchfield where the defendant was sentenced for a DUI conviction on June 21, 2016 – two days prior to the Birchfield decision – and failed to raise Birchfield in her timely post-sentence motion filed on July 1, 2016, in which she challenged only the sufficiency of the evidence. We explained:

> Appellant argues that the trial court erred in declining to vacate her DUI conviction under Birchfield. As explained above, the United States Supreme Court handed down Birchfield two days after Appellant's sentence. Appellant never challenged the warrantless blood draw during trial, and did not raise any issue under Birchfield until her nunc pro tunc post-sentence motion. In Pennsylvania, it has long been the rule that criminal

defendants are not entitled to retroactive application of a new constitutional rule unless they raise and preserve the issue during trial. Commonwealth v. Newman, 99 A.3d 86, 90 (Pa. Super. 2014) (en banc), appeal denied, 632 Pa. 693, 121 A.3d 496 (2014). The Newman Court relied on Commonwealth v. Cabeza, 503 Pa. 228, 469 A.2d 146, 148 (1983). There, the Supreme Court wrote:

> [W]here an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal.

Id. (emphasis added). Instantly, Appellant failed to challenge the warrantless blood draw at any stage of the litigation prior to her nunc pro tunc post-sentence motion. Thus, she is not entitled to retroactive application of Birchfield.

Commonwealth v. Moyer, 2017 WL 4348121, at *4-5, (Pa. Super. Oct. 2, 2017).

Similarly, in Commonwealth v. Napold, --- A.3d ----, 2017 WL 4105733, 2017 PA Super 296 (Sept. 15, 2017), we declined to reach the merits of an appellant's Birchfield-based argument, and held that for Birchfield to apply retroactively in the appellant's direct appeal, the issue had to be preserved at all stages of adjudication up to and including the direct appeal. We stated:

> On appeal, Appellant sets forth one issue for our review: "Whether the trial court erred when it considered the refusal to submit to a blood test as substantive evidence in violation of her constitutional rights[.]" Appellant's Brief at 3. Appellant recognizes that she did not raise this issue in the trial court, but argues that because Birchfield was not decided until after trial, "the matter was not at issue at the time of trial, and [Appellant] is entitled to the protection of the rule on appeal." Id. at 10.

Before we reach the merits of this issue, we must determine whether it has been preserved for our review. It is well-settled that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). The decision in Birchfield announced a new criminal rule. When a United States Supreme Court decision "results in a 'new rule,' that rule applies to all criminal cases still pending on direct review." Schriro v. Summerlin, 542 U.S. 348, 351, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) (citing Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987)). "Case law is clear, however, that in order for a new rule of law to apply retroactively to a case pending on direct appeal, the issue had to be preserved at all stages of adjudication up to and including the direct appeal." Commonwealth v. Tilley, 566 Pa. 312, 780 A.2d 649, 652 (2001) (internal citations and quotation marks omitted); see also Commonwealth v. Newman, 99 A.3d 86, 90 (Pa. Super. 2014) (en banc) ("To be entitled to retroactive application of a new constitutional rule, a defendant must have raised and preserved the issue in the court below.").

Commonwealth v. Napold, 2017 WL 4105733, at *2 (Pa. Super. Sept. 15, 2017).

Instantly, the trial court convicted Cousins of DUI on June 17, 2016. Six days later, on June 23, 2016, the United States Supreme Court issued its decision in Birchfield. Our review of the record discloses that Cousins did not raise the applicability of Birchfield prior to or at his sentencing on August 18, 2016; nor did he raise it in the post-sentence motion he filed on August 25, 2016. Cousins raised Birchfield for the first time on September 26, 2016, when he appeared for oral argument on his post-sentence motion. At the September 26, 2016 argument, Appellant first argued that his "main point . . . has to do with the deviation and the testimony from the toxicologist, whereby it was learned that there was an approximate twenty

percent deviation plus or minus regarding the blood test in this particular case." N.T., 9/26/16, at 3-4. Appellant then added, "although it's not specifically in our written motion, I would raise a Birchfield issue here, the blood was taken and that it lacked valid consent." Id. at 4-5.

Bound by our decisions in Moyer and Napold, we are constrained to conclude that Cousins failed to properly preserve the Birchfield issue because he failed to raise it "at all stages of adjudication." Thus, the Commonwealth is entitled to relief on its first two issues relating to Birchfield.

In its third issue, the Commonwealth states that that the trial court erred "in determining that the drug levels found in [Cousins'] blood/system as a result of the chemical testing of [Cousins'] blood fell within the margin of error thus giving rise to reasonable doubt." Commonwealth Brief at 3. However, the Commonwealth also "concedes the argument surrounding margin of error" because "the trial court states that it did not grant [Cousins'] post-sentence motion under the margin of error argument." Id. at 6. As noted above, the trial court specifically "found that the Commonwealth put forth sufficient reliable evidence to sustain [Cousins'] conviction." Trial Court Order Pursuant to Pa.R.A.P. 1925(a), 12/16/16, at 2. Thus, despite the confused way in which the Commonwealth has presented this issue, there is no basis on which to grant relief with respect to

it. The Commonwealth already prevailed on this issue in the trial court and therefore is not an aggrieved party on this third issue.

In sum, and for the aforementioned reasons, we reverse the trial court's November 1, 2016 order granting Cousins' post-sentence motion, and reinstate the June 7, 2016 conviction and August 18, 2016 judgment of sentence. The case is remanded for proceedings consistent with this memorandum.

Order reversed. Conviction and judgment of sentence reinstated. Case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/1/2017