J-A26018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KIRK JACOB HAYS | : | No. 1787 MDA 2016 |

Appeal from the Order Entered October 31, 2016
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001083-2014

BEFORE:  BOWES, J., OLSON, J., and RANSOM, J.

MEMORANDUM BY OLSON, J.:                     **FILED JANUARY 19, 2018**

The Commonwealth of Pennsylvania appeals from the order entered on October 31, 2016.  The subject order granted the post-sentence motion filed by Kirk Jacob Hays (hereinafter "Defendant") and granted Defendant a new trial.  We vacate and remand.

At approximately 2:00 a.m. on April 11, 2014, Pennsylvania State Police Trooper Ryan Golla and his partner, Trooper Adam Kirk, observed a blue Toyota truck make a right-hand turn without using a turn signal.  N.T. Trial, 6/22/16, at 11.  Because of this violation, the troopers conducted a traffic stop of the vehicle.  *Id.*

As Trooper Kirk testified at trial, he approached the driver's side of the vehicle and saw that Defendant was the driver of the vehicle; Trooper Kirk testified that he immediately smelled "a strong odor of alcoholic beverage coming from the vehicle."  *Id.* at 35.  Since there was a passenger in

Defendant's vehicle, Trooper Kirk testified that he asked Defendant to exit the vehicle; the trooper testified that he then "smell[ed] an odor of alcohol coming from" Defendant. *Id.* Further, Trooper Kirk testified, he requested that Defendant perform several field sobriety tests; Trooper Kirk testified that Defendant's performance on those tests caused him to "believe [that Defendant] was under the influence [of alcohol] to a degree that rendered him incapable of safely operating the vehicle." *Id.* at 38-39. Trooper Kirk thus arrested Defendant and transported him to the Williamsport DUI Center for processing. *Id.*

Old Lycoming Police Officer Matthew McCormick testified that, at the Williamsport DUI Center, he requested that Defendant submit to a blood draw to test whether alcohol was present in Defendant's blood. *Id.* at 64-65. In accordance with this request, Officer McCormick read Defendant Pennsylvania's DL-26 form. *See id.* At the time, the DL-26 form declared (among other things): "it is the officer's duty to inform the licensee that, if the licensee refuses to submit to the chemical test, the licensee's operating privileges will be suspended for at least one year, that if the licensee refuses and is convicted [of] or pleads guilty to violating Section 3802(a) of the Vehicle Code (related to impaired driving), the licensee is subject to more severe penalties, the same as [if] he [were] convicted of driving with the highest rate of alcohol." *See id.*; *see also Sitoski v. Commonwealth, Dep't of Transp.*, 11 A.3d 12, 15 n.2 (Pa. Cmwlth. 2010).

Defendant then submitted to the blood draw. Subsequent testing revealed that Defendant's blood alcohol content was 0.192. N.T. Trial, 6/22/16, at 89-90.

On July 17, 2014, the Commonwealth filed an information against Defendant and charged him with committing a number of crimes, including driving under the influence of alcohol ("DUI") (general impairment), DUI (highest rate of alcohol), and turning movements and required signals.[1]

On January 21, 2015, Defendant filed an omnibus pre-trial motion. Within this pre-trial motion, Defendant requested that the trial court suppress the evidence against him because: 1) the initial stop of his vehicle was illegal and 2) the Commonwealth "failed to preserve evidence of the [Pennsylvania State Police] dash cam video" relating to his vehicle stop. Defendant's Pre-Trial Motion, 1/21/15, at 1-4. Of note, within Defendant's pre-trial motion, Defendant never claimed that his consent to the blood draw was involuntary or coerced and Defendant never requested that the trial court suppress the evidence of his blood alcohol content as the result of an alleged involuntary consent. *See id.*

The trial court denied Defendant's pre-trial motion on May 26, 2015 and, on June 22, 2016, Defendant proceeded to a jury trial on the charges. At the conclusion of the trial, the jury found Defendant guilty of DUI (general

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3802(c), and 3334(a), respectively.

impairment) and DUI (highest rate of alcohol).[2]  N.T. Trial, 6/22/16, at 130.

On August 23, 2016, the trial court sentenced Defendant to serve a term of

five days to six months in jail for the DUI (general impairment) conviction;

in accordance with an agreement between Defendant and the

Commonwealth, the trial court imposed no further penalty for the DUI

(highest rate of alcohol) conviction.  N.T. Sentencing, 8/23/16, at 6.

On September 1, 2016, Defendant filed a post-sentence motion where

he claimed – for the first time – that his consent to the blood draw was

involuntary.  Defendant's Post-Sentence Motion, 9/1/16, at 2-4.  Specifically,

Defendant claimed, on the day after his jury trial (or, June 23, 2016), the

United States Supreme Court decided *Birchfield v. North Dakota*, ___

U.S. ___, 136 S.Ct. 2160 (2016).  In *Birchfield*, the Supreme Court held

that a state may not "impose criminal penalties on the refusal to submit to

[a warrantless blood] test."  *Birchfield*, 136 S.Ct. at 2185-2186.  Further,

the Supreme Court held, where the petitioner only consented to a

warrantless blood test after being told by the police that "test refusal in

these circumstances is itself a crime," the petitioner's consent to the test

was potentially involuntary.  *Id.*  The *Birchfield* Court thus vacated the

petitioner's judgment of sentence and remanded the case to the state court,

so that the court could "reevaluate [the petitioner's] consent . . . [, based

---

[2] The trial court found Defendant guilty of the summary offense of turning
movements and required signals.  N.T. Trial, 6/22/15, at 133.

on] the totality of all the circumstances . . . [and] given the partial inaccuracy of the officer's advisory." *Id.* at 2186.

Within Defendant's post-sentence motion, Defendant relied on *Birchfield* and essentially claimed that he only consented to the blood draw after the police informed him that, if he refused the blood draw, he would be subject to enhanced criminal penalties upon conviction. *See* Defendant's Post-Sentence Motion, 9/1/16, at 2-4. Defendant requested that the trial vacate his judgment of sentence and schedule a "hearing [] to determine if [Defendant's] consent [to the blood draw] was voluntary." *Id.* at 4.

The Commonwealth opposed Defendant's motion and argued that Defendant was not entitled to post-sentence relief because Defendant did not properly preserve the issue at, or before, trial. Commonwealth's Answer, 10/4/16, at 2.

On October 31, 2016, the trial court entered an order granting Defendant's post-sentence motion and granting Defendant a new trial. Trial Court Order, 10/31/16, at 1-2. The Commonwealth filed a timely notice of appeal and now raises one claim to this Court:

> Did the trial court commit an error of law by holding that [*Birchfield*] applies retroactively to [Defendant], even though [Defendant] failed to properly preserve the suppression argument that his consent for a blood draw was coerced, and granting [Defendant] a new trial?

Commonwealth's Brief at 7 (some internal capitalization omitted).

We agree with the Commonwealth and conclude that, since Defendant did not raise any claim at, or before, trial that his consent to the blood draw

was involuntary, the trial court erred in granting Defendant's post-sentence motion. Indeed, our recent opinion in **Commonwealth v. Moyer**, 171 A.3d 849 (Pa. Super. 2017) requires that we vacate the trial court's order in this case.

In **Moyer**, Ms. Moyer was found guilty of DUI and homicide by vehicle. On June 21, 2016 (or, two days before the United States Supreme Court decided **Birchfield**), the trial court imposed its judgment of sentence. **Id.** at 851-852. While the trial court retained jurisdiction of the case, Ms. Moyer filed a *nunc pro tunc* post-sentence motion and claimed that, in accordance with **Birchfield**, her consent to the blood draw was involuntary. **Id.** Ms. Moyer thus requested that the trial court vacate her judgment of sentence and remand for a new trial. **Id.**

The trial court accepted Ms. Moyer's *nunc pro tunc* post-sentence motion, but held that Ms. Moyer was "not entitled to retroactive application of **Birchfield** because she did not preserve a challenge to the warrantless blood draw during trial." **Id.** at 852. On appeal to this Court, Ms. Moyer argued that the trial court "erred in declining to vacate her DUI conviction under **Birchfield**." **Id.** at 855. We held that the trial court did not err. As we explained:

> the United States Supreme Court handed down **Birchfield** two days after [Ms. Moyer's] sentence. [Ms. Moyer] never challenged the warrantless blood draw during trial, and did not raise any issue under **Birchfield** until her *nunc pro tunc* post-sentence motion. In Pennsylvania, it has long been the rule that criminal defendants are not entitled to

- 6 -

retroactive application of a new constitutional rule unless they raise and preserve the issue during trial. *Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2014). The *Newman* Court relied on *Commonwealth v. Cabeza*, 469 A.2d 146, 148 (Pa. 1983). There, the Supreme Court wrote:

> [W]here an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved **at all stages of adjudication** up to and including any direct appeal.

> *Id.* (emphasis added). Instantly, [Ms. Moyer] failed to challenge the warrantless blood draw at any stage of the litigation prior to her *nunc pro tunc* post-sentence motion. Thus, she is not entitled to retroactive application of *Birchfield*.

*Moyer*, 171 A.3d at 855.

In the case at bar, Defendant "failed to challenge the warrantless blood draw at any stage of the litigation prior to [his] . . . post-sentence motion." **See id.** Therefore, as was true in *Moyer*, Appellant "is not entitled to retroactive application of *Birchfield*."[3] **See id.** The trial court erred in concluding otherwise.

---

[3] Within Defendant's brief and the trial court's opinion, Defendant and the trial court posit that the Commonwealth waived any claim that Defendant "failed to preserve the *Birchfield* issue." Trial Court Opinion, 6/19/17, at 5; *see also* Defendant's Brief at 7-9. According to Defendant and the trial court, this waiver occurred when the Commonwealth and Defendant agreed, at sentencing, that the trial court should only sentence Defendant on the DUI (general impairment) conviction and that the trial court should impose no further penalty on the DUI (highest rate of alcohol) conviction. *Id.*
*(Footnote Continued Next Page)*

Pursuant to *Moyer*, we vacate the trial court's October 31, 2016 order, which granted Defendant's post-sentence motion.

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/19/2018

*(Footnote Continued)* ──────────

Neither Defendant nor the trial court has cited to any case law or other authority to support this waiver argument – and we have found none. Simply stated, **Defendant** waived any claim that his consent was involuntary by failing to raise the argument at or before trial.  *Moyer*, 171 A.3d at 855; *Cabeza*, 469 A.2d at 148.

Moreover, to the extent Defendant and the trial court rely upon Pennsylvania Rule of Criminal Procedure 581(B) to support the ruling, we note that Rule 581(B) permits a supplemental **pretrial suppression motion** where "the opportunity did not previously exist, or the interests of justice otherwise require." Pa.R.Crim.P. 581(B).  In the case at bar, Defendant did not file a supplemental pretrial motion seeking the suppression of evidence; rather, Defendant filed a **post-sentence motion**, where he sought the vacation of his judgment of sentence and a remand for a new trial.  Therefore, Rule 581(B) has no application to the case at bar.