J-S18009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAIN WILLIAM FOCHT | |
| Appellant | No. 865 WDA 2017 |

Appeal from the Judgment of Sentence imposed May 5, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0000341-2016

BEFORE:  STABILE, J., MUSMANNO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 12, 2018**

Appellant, Shain William Focht, appeals from the judgment of sentence imposed on May 5, 2017 in the Court of Common Pleas of Erie County.  Relying on **Birchfield v. North Dakota**, 136 S.Ct. 2160 (2016),[1] Appellant argues that the trial court erred in not suppressing the results of his warrantless blood test.  We disagree.  Accordingly, we affirm.

The underlying facts are not in dispute.  On March 16, 2016, Appellant was charged with driving under the influence of a drug, second offense.  On February 7, 2017, following a jury trial *in absentia*, Appellant was convicted as charged.  At no point, before or at trial, did Appellant raise the **Birchfield**

---

[1] **Birchfield** held that the Fourth Amendment to the United States Constitution does not permit warrantless blood tests incident to arrests for drunk driving and that a state may not criminalize a motorist's refusal to comply with a demand to submit to blood testing.  **Birchfield**, 136 S. Ct. at 2185-86.

issue. On May 5, 2017, Appellant was sentenced to a standard range of nine months to eighteen months of incarceration, followed by two years of state-supervised probation. On May 15, 2017, Appellant filed a motion for reconsideration, raising for the first time the **Birchfield** issue. On June 7, 2017, following a hearing, the motion for reconsideration was denied. This appeal followed.

As noted, on appeal, Appellant, relying on **Birchfield**, argues that the trial court should not have admitted the results of the blood test. Nowhere, however, does Appellant address the trial court's finding that Appellant waived the **Birchfield** issue. Indeed, the record shows that Appellant raised **Birchfield** for the first time in a motion for reconsideration. Notably, **Birchfield** was decided on June 23, 2016, approximately 7 months before trial. Yet, Appellant decided to raise the issue in a motion for reconsideration, only after trial and after the imposition of sentence. We must agree with trial court, therefore, that Appellant waived the issue. **See** Pa.R.A.P. 302(a).

In **Commonwealth v. Moyer**, 171 A.3d 849 (Pa. Super. 2017), we noted:

> Appellant never challenged the warrantless blood draw during trial, and did not raise any issue under **Birchfield** until her *nunc pro tunc* post-sentence motion. In Pennsylvania, it has long been the rule that criminal defendants are not entitled to retroactive application of a new constitutional rule unless they raise and preserve the issue during trial. **Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*), appeal denied, 632 Pa. 693, 121 A.3d 496 (2014). The **Newman** Court relied on **Commonwealth v. Cabeza**, 503 Pa. 228, 469 A.2d 146, 148 (1983). There, the Supreme Court wrote:

> [W]here an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal.

*Id*. (emphasis added). Instantly, Appellant failed to challenge the warrantless blood draw at any stage of the litigation prior to her *nunc pro tunc* post-sentence motion. Thus, she is not entitled to retroactive application of ***Birchfield***.

***Moyer***, 171 A.3d at 855.

Similarly, here, Appellant failed to challenge the warrantless blood draw at any stage of the litigation prior to his motion for reconsideration. Accordingly, Appellant is not entitled to retroactive application of ***Birchfield***. ***See Moyer***, ***supra***.

Even if Appellant had timely raised the issue before the trial court, and he were otherwise entitled to the application of ***Birchfield***, the issue would be nonetheless without merit.

> "A search conducted without a warrant is deemed to be unreasonable and therefore constitutionally impermissible, unless an established exception applies." ***Commonwealth v. Strickler***, 563 Pa. 47, 757 A.2d 884, 888 (2000). "Exceptions to the warrant requirement include the consent exception, the plain view exception, the inventory search exception, the exigent circumstances exception, the automobile exception . . ., the stop and frisk exception, and the search incident to arrest exception." ***Commonwealth v. Dunnavant***, 63 A.3d 1252, 1257 n.3 (Pa. Super. 2013).
>
> The "administration of a blood test . . . performed by an agent of, or at the direction of the government" constitutes a search under both the United States and Pennsylvania Constitutions.

> ***Commonwealth v. Kohl***, 532 Pa. 152, 615 A.2d 308, 315
> (1992); ***Schmerber v. California***, 384 U.S. 757, 770, 86 S.Ct.
> 1826, 16 L.Ed.2d 908 (1966).  Since the blood test in the case at
> bar was performed without a warrant, the search is presumptively
> unreasonable "and therefore constitutionally impermissible,
> unless an established exception applies." ***Strickler***, 757 A.2d at
> 888.

***Commonwealth v. Evans***, 153 A.3d 323, 327-28 (Pa. Super. 2016).  "One

such exception is consent, voluntarily given."  ***Strickler***, 757 A.2d 888

(citation omitted).

In his brief to this Court, Appellant plainly admitted that "Appellant

consented to the blood draw."  Appellant's Brief at 4 (citing N.T. Trial, 2/7/17,

at 43).  There is no indication in the record (or even in his appellate brief) that

Appellant ever challenged the voluntariness of his consent, that the arresting

officer informed him of enhanced penalties for refusing to submit to a blood

draw, or that the blood draw was administered before Appellant gave consent.

Because Appellant unequivocally and voluntarily consented to the blood draw,

***Birchfield*** would be inapposite.

In light of the foregoing, the trial court correctly admitted the blood test

results into evidence.

Judgment of sentence affirmed.

Judgment Entered.

_____

- 4 -

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/12/2018