J-S69042-17

2017 PA Super 357

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NATHAN ROI WILCOX | : | |
| | : | No. 986 WDA 2017 |
| Appellant | | |

Appeal from the PCRA Order June 14, 2017
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000221-2015

BEFORE: BOWES, J., RANSOM, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.: FILED NOVEMBER 13, 2017

Appellant Nathan Roi Wilcox appeals from the Order entered in the Court of Common Pleas of Crawford County on June 14, 2017, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] We affirm.

On May 26, 2015, Appellant entered a negotiated guilty plea to Driving Under the Influence of Alcohol or Controlled Substance-Highest Rate of Alcohol and Driving on Roadways Laned for Traffic.[2] On July 16, 2015, Appellant was sentenced to a term of sixty (60) months of intermediate punishment, with the first thirty (30) days being spent in the county correctional facility.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.
[2] 75 Pa.C.S.A. §§ 3802(c) and 3309(1), respectively. The Criminal Complaint alleged Appellant had been operating a vehicle on a public road at a time when his BAC was .30%. Appellant had a prior DUI offense on August 24, 2013.

_____

* Former Justice specially assigned to the Superior Court.

Appellant did not file a pre-trial motion to suppress the results of the blood draw, nor did he file a post-sentence motion or a direct appeal.

On July 15, 2016, Appellant filed a timely PCRA petition pro se. Therein, Appellant maintained that he had pled guilty in light of the BAC revealed in the warrantless blood draw performed upon him and that his counsel informed him "the Supreme Court ruled the Fourth Amendment does not permit warrantless blood tests incident to arrests for drunk driving." See PCRA Petition, filed 7/16/25, at 3. A counselled, Amended Second Petition for Post-Conviction Collateral Relief was filed on November 7, 2016, wherein Appellant specifically argued he is entitled to have his conviction vacated in light of the United States Supreme Court's decision of June 23, 2016, in Birchfield v. North Dakota, ___ U.S. ____, 136 S.Ct. 2160, 195 L.Ed. 2d 560 (2016).[3]

_____

[3] In Birchfield, the Supreme Court held that the search-incident-to-arrest exception to the warrant requirement did not justify warrantless blood testing of individuals arrested on DUI charges. Id. at 2185. In doing so, the Supreme Court emphasized that "motorists cannot be deemed to have consented to a blood test on pain of committing a criminal offense." Id. at 2186. Following that decision, this Court held the implied consent warnings contained in the former version of the DL-26 Form, a copy of which had been read to the appellant, were partially inaccurate. Therefore, we vacated the suppression court's order as well as the appellant's judgment of sentence and remanded the matter to the trial court to reevaluate the appellant's consent in light of the totality of the circumstances given the partial inaccuracy of the officer's advisory. Commonwealth v. Evans, 153 A.3d 323, 331 (Pa.Super. 2017); see also Commonwealth v. Giron, 155 A.3d 635 (Pa.Super. 2017) (vacating sentence that included increased criminal penalties based on the defendant's refusal to consent to blood test).

The PCRA court conducted a hearing on Appellant's petition on February 17, 2017, at which time the parties agreed that the sole issue before the court was whether the holding in Birchfield applies retroactively to Appellant. In its Order entered on June 14, 2017, the PCRA court dismissed the PCRA petition. Appellant filed a timely notice of appeal on June 29, 2017.

On July 5, 2017, the PCRA court ordered Appellant to file a concise statement of the matters complained of on appeal pursuant to Pa.R.A.P. 1925. Appellant filed his concise statement the next day wherein he raised the following issue: "Whether the pcra court erred in not applying the United States Supreme Court decision of Birchfield vs. North Dakota retroactively to appellant's DUI case?" The PCRA court filed its Pa.R.A.P. 1925(a) Opinion on July 17, 2017, wherein it adopted the reasoning of the trial court in a separate matter decided in the Court of Common Pleas of Crawford County wherein the court held that "Birchfield regulates the manner of determining whether a [d]efendant's conduct is such that enhanced penalty applies, and therefore is a procedural rule, and does not apply retroactively." Trial Court Opinion, filed 7/17/17, at 1. Appellant presents the same issue for our review in his appellate brief.

> Our standard of review of a PCRA court's [dismissal] of a petition for post[-]conviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

Commonwealth v. Franklin, 990 A.2d 795, 797 (Pa.Super. 2010) (citation omitted).

Appellant maintains that the Birchfield decision created a new substantive law, not a new procedural law, that is to be applied retroactively to his case. In the alternative, Appellant asserts that if this Court were to conclude the Birchfield case created a new rule of criminal procedure as opposed to a new substantive rule of law, his conviction still should be vacated pursuant to 75 Pa.C.S.A. § 3802(c). Brief for Appellant at 15-16.

Neither the United States Supreme Court nor our Supreme Court has held that Birchfield is to be applied retroactively to cases like the one herein where the judgment of sentence had become final prior to its disposition. The United States Supreme Court has stated that where, as in Birchfield, one of its decisions "results in a 'new rule,' that rule applies to all criminal cases still pending on direct review. As to convictions that are already final, however, the rule applies only in limited circumstances." Schriro v. Summerlin, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442, ___ (2004) (emphasis added). "Case law is clear [ ] that in order for a new rule of law to apply retroactively to a case pending on direct appeal, the issue had to be preserved at 'all stages of adjudication up to and including the direct appeal.'" Commonwealth v. Tilley, 566 Pa. 312, 318, 780 A.2d 649, 652 (2001) (emphasis added) (quoting Commonwealth v. Cabeza, 503 Pa. 228, 469 A.2d 146, 148 (1983)). An exception to the issue-preservation requirement

exists where the challenge is one implicating the legality of one's sentence. Commonwealth v. Barnes, ___ Pa. ___, ____, 151 A.3d 121, 124 (2016) (citation omitted).

Recently, this Court considered a matter wherein the appellant argued the trial court had erred in declining to vacate her DUI conviction in light of Birchfield where the Birchfield decision was handed down two days after the appellant had been sentenced. In finding the appellant was not entitled to retroactive application of Birchfield, we reasoned as follows:

> Appellant never challenged the warrantless blood draw during trial, and did not raise any issue under Birchfield until her nunc pro tunc post-sentence motion. In Pennsylvania, it has long been the rule that criminal defendants are not entitled to retroactive application of a new constitutional rule unless they raise and preserve the issue during trial. Commonwealth v. Newman, 99 A.3d 86, 90 (Pa. Super. 2014) (en banc), appeal denied, 632 Pa. 693, 121 A.3d 496 (2014). The Newman Court relied on Commonwealth v. Cabeza, 503 Pa. 228, 469 A.2d 146, 148 (1983). There, the Supreme Court wrote:
>
>> [W]here an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal.
>
> Id. (emphasis added). Instantly, Appellant failed to challenge the warrantless blood draw at any stage of the litigation prior to her nunc pro tunc post-sentence motion. Thus, she is not entitled to retroactive application of Birchfield.
>
> Appellant argues that she should not have been required to anticipate the United States Supreme Court's Birchfield opinion. The same could be said, however, in nearly every case in which a defendant is denied retroactive application of a new constitutional principle. The rule permitting retroactive application was created for the benefit of defendants who raised and preserved the issue in question and in whose case the issue remained pending while a

higher court decided the issue in a similar case. The Cabeza Court explained:

> In both cases, a defense challenge to the ruling was raised during trial and the issue preserved and argued in post trial motions and on appeal. The only noteworthy difference between [Commonwealth v. Scott, 496 Pa. 188, 436 A.2d 607 (1981),] and the appellee is that Scott was argued and decided first. The instant case may well have been the case which overruled prior law if Scott had not been decided while appellee's appeal to the Superior Court was pending. The question of whether to apply an enlightened rule in favor of a discredited one should not be determined by the fortuity of who first has his case decided by an appellate court.
>
> Id.
>
> In contrast, Appellant's case could not have been the case that invalidated warrantless blood draws coerced by the threat of criminal prosecution because Appellant never raised the issue. Absent further development of the law of retroactivity from the Pennsylvania Supreme Court, Appellant is not entitled to rely on Birchfield. The trial court did not err in refusing to vacate Appellant's DUI sentence.

Commonwealth v. Moyer, ___ A.3d ____, 2017 WL 4348121 at *4-5 (Pa.Super. Oct. 2, 2017).

Herein, Appellant did not assert in his PCRA petition that his sentence is illegal, nor did he challenge his consent to submit to a blood draw at any stage of the proceedings in the Court of Common Pleas. Thus, in light of the foregoing, Appellant is not entitled to relief under Birchfield. Moreover, even had the United States Supreme Court or our Supreme Court held Birchfield is to be applied retroactively to cases in which the judgment of sentence has become final, in setting forth his arguments, Appellant fails to acknowledge that he had pled guilty to the charges on which he was sentenced.

In Commonwealth v. Singleton, ___ A.3d. ____, 2017 WL 3528693, at *1 (Pa.Super. August 17, 2017), this Court reiterated the well-settled principle that by entering a guilty plea, a defendant waives all nonjurisdictional defects and defenses as well as his right to challenge anything but the legality of the sentence and the validity of the plea. Appellant's issue does not constitute a challenge to the legality of his sentence or to the validity of his guilty plea which he entered over a year prior to the Birchfield decision. Significantly, Appellant did not maintain in a pre-trial suppression motion or otherwise present any claim that his pre-arrest blood draw and subsequent testing were performed involuntarily without his consent or were coerced, and he nowhere now alleges that he is innocent or that his guilty plea was entered involuntarily, unknowingly or unintelligently.

To the contrary, in his plea colloquy, Appellant represented that he understood the English language and the charges against him, and he admitted to the facts that led to those charges. Appellant also indicated that by pleading guilty, he understood he was foregoing certain rights, including, inter alia, the presumption of innocence, certain defenses, the right to a jury trial, and most of his direct appeal rights. Appellant affirmed that he was pleading guilty of his own free will, that no one had forced him to plead guilty, and that he had the right to be represented by counsel at both the guilty plea and trial. Written Guilty Plea Colloquy, 5/26/15, at 36-42.

Because Appellant is not disputing the validity of his plea or the legality of his sentence, the sole claim he presents for this Court's review is waived. See Commonwealth v. Yeomans, 24 A.3d 1044, 1047 (Pa.Super. 2011) (stating that a person who elects to plead guilty is bound by the statements he made during the plea colloquy, and may not later assert grounds for withdrawing the plea which contradict those statements). Accordingly, the trial court did not err in refusing to vacate Appellant's DUI sentence. [4]

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/13/2017

---

[4] This Court is not bound by rationale of a trial court and may affirm the trial court's order on any basis.  Commonwealth v. Doty, 48 A.3d 451, 456 (Pa.Super. 2012).