J-S69022-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| GUY BRADLEY DUMAS | |
| Appellant | No. 516 WDA 2017 |

Appeal from the Judgment of Sentence February 28, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002884-2016

BEFORE:   BOWES, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                    FILED JANUARY 12, 2018

Appellant, Guy Bradley Dumas, appeals from the judgment of sentence of thirty-eight to seventy-six years of incarceration, imposed February 28, 2017, following a guilty plea resulting in his conviction for rape of a child, involuntary deviate sexual intercourse, aggravated indecent assault of a child, endangering the welfare of children, corruption of minors, and indecent assault of a person less than thirteen years of age.[1]  Additionally, Appellant's counsel, Emily M. Merski, Esq., seeks to withdraw her representation of Appellant pursuant to Anders v. California, 87 S. Ct. 1936 (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009).   We affirm

_____

[*] Former Justice specially assigned to the Superior Court.

[1] See 18 Pa.C.S. §§ 3121(c), 3123(b), 3125(b), 4304(a), 6301(a)(1)(ii), 3126(a)(7), respectively.

Appellant's convictions, vacate the order designating him an SVP and remand for further proceedings, and deny counsel's petition to withdraw.

On November 2, 2016, Appellant entered his plea. On November 17, 2016, Appellant filed a motion to withdraw his guilty plea but withdrew the motion on February 28, 2017. That same day, Appellant was sentenced to an aggregate sentence of thirty-eight to seventy-six years of incarceration. The individual sentences were in the standard range, but all sentences were imposed consecutively. With the benefit of a pre-sentence investigation report ("PSI") and a report from the Sexual Offender Assessment Board, the court also found that Appellant was a sexually violent predator ("SVP") per the stipulation of the parties. See Notes of Testimony (N.T.), 2/28/17, at 2-26; see also Order, 2/28/17, at 1. On March 10, 2017, Appellant filed a motion seeking reconsideration of his sentence, which the court denied following a hearing on March 21, 2017.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The court issued a responsive opinion.

In this Court, Appellant's counsel has filed an Anders brief, asserting a single issue that Appellant might seek to raise: whether the trial court abused its discretion in sentencing Appellant by imposing a manifestly unreasonable sentence. See Appellant's Brief at 3.

When faced with a purported Anders brief, this Court may not review the merits of any possible underlying issues without first examining counsel's

request to withdraw.  Commonwealth v. Goodwin, 928 A.2d 287, 290 (Pa. Super. 2007) (en banc).   Prior to withdrawing as counsel on direct appeal under Anders, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in Santiago, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Santiago, 978 A.2d at 361.

> Counsel also must provide a copy of the Anders brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the Anders brief."  Commonwealth v. Nischan, 928 A.2d 349, 353 (Pa. Super. 2007), appeal denied, 594 Pa. 704, 936 A.2d 40 (2007).

Commonwealth v. Orellana, 86 A.3d 877, 879-880 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of Anders and Santiago, only then may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel."  Commonwealth v. Flowers, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

- 3 -

In the instant matter, Attorney Merski's Anders brief complies with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history; she refers to the portions of the record that could arguably support Appellant's claims; and she sets forth her conclusion that Appellant's appeal is frivolous. She explains her reasoning and supports her rationale with citations to the record as well as pertinent legal authority. Attorney Merski avers she has supplied Appellant with a copy of her Anders brief and a letter explaining the rights enumerated in Nischan. Accordingly, counsel has complied with the technical requirements for withdrawal. Thus, we may independently review the record to determine if the issues Appellant raises are frivolous and to ascertain if there are other non-frivolous issues he may pursue on appeal.

The sole issue counsel potentially raises on Appellant's behalf is a challenge to the discretionary aspects of his sentence. See Appellant's Brief at 8-10. A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal. See Commonwealth v. Coulverson, 34 A.3d 135, 142 (Pa. Super. 2011); see also Pa.R.A.P. 2119(f). This Court conducts a four-part analysis to determine: (1) whether Appellant has timely filed a notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

Commonwealth v. Leatherby, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted).

Appellant timely filed a notice of appeal and preserved his issue in a post-sentence motion for reconsideration of sentence. See Mot. for Recons., 3/10/17, at ¶¶ 1-4. Appellant has included in his brief an appropriate Pa.R.A.P. 2119(f) statement. Accordingly, we must determine whether he has raised a substantial question.

The determination of a substantial question must be evaluated on a case-by-case basis. Commonwealth v. Griffin, 65 A.3d 932, 935 (Pa. Super. 2013). A substantial question exists only where the Appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code, or contrary to the fundamental norms which underlie the sentencing process. Commonwealth v. Sierra, 752 A.2d 910, 913 (Pa. Super. 2000). A claim that a sentence is manifestly excessive may raise a substantial question if Appellant's Pa.R.A.P. 2119(f) statement sufficiently articulates the manner in which the sentence was inconsistent with the Code or contrary to its norms. Commonwealth v. Mouzon, 812 A.2d 617, 627-28 (Pa. 2002). "When imposing a sentence, the sentencing court must consider the factors set out in 42 [Pa.C.S.] § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. And, of course, the court must consider the

sentencing guidelines." Commonwealth v. Caldwell, 117 A.3d 763, 768 (Pa. Super. 2015) (en banc), appeal denied, 126 A.3d 1282 (Pa. 2015).

In his Pa.R.A.P. 2119(f) statement, Appellant admits that he was sentenced within the guidelines but contends that the court did not consider the factors set forth in 42 Pa.C.S. § 9721(b). See Appellant's Brief at 4-7. In Caldwell, we concluded that the appellant's claim that his sentence was unduly excessive together with his claim that the court failed to consider his rehabilitative needs, constituted a substantial question. Caldwell, 117 A.3d at 770. However, an examination of Appellant's brief reveals that despite the phrasing of his Pa.R.A.P. 2119(f) statement, his argument is really that the court did not consider or give appropriate weight to the mitigating factors of his case. The allegation that the sentencing court did not consider certain mitigating factors, without more, does not raise a substantial question. See Commonwealth v. McNabb, 819 A.2d 54, 57 (Pa. Super. 2003). Accordingly, Appellant has not raised a substantial question. In short, we agree with Attorney Merski that Appellant's issue is frivolous.

However, upon our review of the record, we have identified one issue of merit, namely, the legality of Appellant's sentence. In the time between the filing of Appellant's direct appeal and our disposition, this Court held that the statute allowing the trial court to make SVP determinations by clear and convincing evidence, rather than beyond a reasonable doubt, was unconstitutional to the extent it required lifetime registration. See Commonwealth v. Butler, --- A.3d ---, *5-6. (Pa. Super. 2017). The panel

further held that as the sole statutory mechanism for SVP designation is constitutionally flawed, there is no longer a legitimate path forward for undertaking adjudications pursuant to 42 Pa.C.S. § 9799.24. Id. Instead, trial courts must notify defendants that they are required to register for 15 years if convicted of a Tier I sexual offense, 25 years if convicted of a Tier II sexual offense, or life if he or she is convicted of a Tier III sexual offense. Id.

Our Court's "authority to review a sentence is governed by 42 Pa.C.S. § 9781." Commonwealth v. Archer, 722 A.2d 203, 209 (Pa. Super. 1998) (en banc). Although generally a new rule of law must be preserved at all stages of adjudication up to and including the direct appeal, challenges to an illegal sentence may never be waived and may be reviewed sua sponte by this court. See Commonwealth v. Tilley, 780 A.2d 649, 652 (Pa. 2001) (quoting Commonwealth v. Cabeza, 469 A.2d 146, 148 (Pa. 1983)); see also Commonwealth v. Randal, 837 A.2d 1211, 1214 (Pa. Super. 2003). In matters where the trial court and not a jury's finding of fact leads to the imposition of a mandatory minimum sentence, such a challenge goes to the legality of the sentence, and applies retroactively to cases pending on direct appeal. See Commonwealth v. Newman, 99 A.3d 86, 90 (Pa. Super. 2014) (holding that Alleyne v. United States, 133 S. Ct. 2151 (2013), applies retroactively to matters pending on direct appeal).

Butler was premised upon the constitutional infirmity of the statute, and accordingly implicates the legality of the sentences. Thus, it applies retroactively to cases pending on direct appeal. See Butler, --- A.3d --- at

*5-6; Newman, 99 A.3d at 90. Therefore, we vacate the portion of Appellant's sentence finding that he is an SVP and requiring lifetime registration. Id. We note that Appellant is still required to register for life, as he was convicted of multiple Tier III offenses. See 42 Pa.C.S. § 9799.14 (noting that Tier III sexual offenses include rape, involuntary deviate sexual intercourse, and aggravated indecent assault); see also 42 Pa.C.S. § 9799.15(a)(3) (noting that an individual convicted of a Tier III sexual offense shall register for the life of the individual).

Additionally, we note that Appellant stipulated that he was an SVP without a hearing. See Order, 2/28/17, at 1. Regardless, this does not affect our analysis, as Butler held that 1) section 9799.24(e) in its entirety was constitutionally infirm based upon the evidentiary standard required by the trial court, and 2) trial courts cannot designate convicted defendants SVPs until our General Assembly enacts a constitutional designation mechanism. Butler, --- A.3d --- at *6.

Accordingly, we remand this case to the trial court for the sole purpose of issuing the appropriate notice under 42 Pa.C.S. § 9799.23 as to Appellant's registration obligation for life as a Tier III offender. Counsel is to remain attached until the completion of such notice.

Petition to withdraw denied. Order reversed. Judgment of sentence affirmed in all other respects. Case remanded. Jurisdiction relinquished.

Judge Bowes joins.

P.J.E. Stevens concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2018