**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 36 MAP 2018 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court at No. 1787 MDA 2016 dated |
| | : | January 19, 2018, Vacating the Order |
| v. | : | of the Court of Common Pleas of |
| | : | Lycoming County, Criminal Division, |
| | : | at No. CP-41-CR-1083-2014 dated |
| KIRK JACOB HAYS, | : | October 31, 2016 and remanding. |
| | : | |
| Appellant | : | SUBMITTED:  February 6, 2019 |

## OPINION

**JUSTICE MUNDY**                                     **DECIDED:  October 31, 2019**

We granted allocatur in this matter to determine whether *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016), applies to all cases not yet final when the decision was rendered.[1] Integral to this determination is the extent to which issues implicated by *Birchfield* must have been preserved in prior proceedings.

The underlying facts of this case follow.  On April 11, 2014, Pennsylvania State Police Troopers Adam Kirk and Ryan Golla conducted a traffic stop after observing Appellant fail to use his right turn signal and then twice cross over the white fog lines on

---

[1] The Court in *Birchfield* held that a warrantless blood test cannot be deemed valid by virtue of an implied consent law when accompanied by threat of a criminal charge for failure to consent.  *Birchfield*, 136 S.Ct. at 2186.  This Court has held that the analysis in *Birchfield* applied equally to Pennsylvania's imposition of enhanced penalties for any conviction on the underlying driving under the influence (DUI) charge, based on a defendant's refusal to consent to a blood test.  *Commonwealth v. Monarch*, 200 A.3d 51, 57 (Pa. 2019).

the roadway. Upon interaction with Appellant, Trooper Kirk smelled alcohol and suspected Appellant was driving under the influence of alcohol. Following two failed field sobriety tests, Appellant was taken into custody and transported to the Williamsport DUI Center. At the DUI Center, Matthew McCormick, an officer with the Old Lycoming Police Department, read Appellant the Pennsylvania Department of Transportation's DL-26 form,[2] and Appellant agreed to submit to a blood alcohol content (BAC) test and acquiesced to a blood draw. The sample of Appellant's blood was taken and submitted for chemical testing, which showed Appellant's BAC to be 0.192. Appellant was charged with three summary offenses and two counts of DUI: Count 1, general impairment pursuant to 75 Pa.C.S. § 3802(a)(1), and Count 2, driving under the influence, highest rate of alcohol, 75 Pa.C.S. § 3802(c).[3]

On January 21, 2015, Appellant filed an omnibus pre-trial motion to suppress all evidence resulting from the traffic stop. Omnibus Pre-trial Motion, 1/21/15, at 1. Appellant averred Trooper Kirk lacked probable cause to stop his vehicle. As a consequence, Appellant argued that all blood tests, field sobriety tests, portable breath tests, statements of all police officers witnessing the traffic stop, and all statements by Appellant resulting from the illegal stop should be suppressed. *Id.* at 4. Appellant did not contend his consent to the blood draw at the Williamsport DUI Center was coerced. A hearing was held, and on May 26, 2015, the trial court denied Appellant's motion.

---

[2] The DL-26 form gives a motorist notice of a police officer's request for chemical testing, including the type of testing and the consequences for refusing to submit to the requested test. The DL-26 form included the warning that if Appellant refused to submit to chemical testing, and was subsequently convicted of DUI pursuant to Section 3802(a), he would be subject to increased penalties equivalent to those imposed for conviction of driving with the highest rate of alcohol. The DL-26 form has subsequently been replaced by a warning compliant with *Birchfield*.

[3] The three summary offenses were 75 Pa.C.S. § 3309(1), disregarding traffic lane; 75 Pa.C.S. § 3814(a), careless driving; and 75 Pa.C.S. § 3334(a), failure to give an appropriate signal.

Appellant's jury trial was held on June 22, 2016. Pertinent to our analysis, we note that, during deliberations, the jury submitted a written question asking "can blood alcohol level on Count 2 be used to determine the second part of Count 1?" N.T., 6/22/16, at 128. The court called the jury back into the courtroom and informed the jury that "[g]enerally the answer is yes. By part two, I assume that you meant proving that they drove while in control of the vehicle when they weren't incapable [sic] of safe driving." *Id.* at 129. The jury found Appellant guilty of both counts of DUI, and the trial court found Appellant guilty of the summary offense of failing to give an appropriate signal, but not guilty of the remaining two summary counts. Sentencing was deferred pending a drug and alcohol assessment. On June 23, 2016, the day after Appellant's trial concluded, the United States Supreme Court decided *Birchfield*.

The trial court held Appellant's sentencing hearing on August 23, 2016. At sentencing, the following exchange took place.

> [The Court]: Have you and the DA's office conferred at all about the situation? I mean, I would propose to go ahead and sentence under the Count 1 and - -
>
> [Defense Counsel]: That is - -
>
> [The Court]: Count 2 goes by the waste side [sic], is the long and short - -
>
> [Defense Counsel]: That's the agreement we reached, yes.
>
> . . .
>
> [Defense Counsel]: I intend on asking for bail pending appeal. I don't know if Your Honor wants to set a report date and file a paper motion or if Your Honor would like to address that now. The issues would be, one, the suppression ruling, and then two, in light of *Birchfield*, while it makes the BAC count go away, I think it creates a weight issue as to the general impairment charge and especially because I think the jury came back with a question twice can they consider the blood alcohol content in determining - -

[The Court]:  They do and I do recall.

N.T., 8/23/16, at 2, 5.  Accordingly, the trial court sentenced Appellant only on Count 1, DUI: general impairment and the summary offense.  Appellant received a sentence of five days to six months' incarceration, plus fines, fees, community service, counseling, and alcohol highway safety driving school.

Appellant filed a post-sentence motion on September 1, 2016, alleging he was entitled to a new trial because *Birchfield* held "that motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense."  Post-Sentence Motion, 9/1/16, at ¶ 8 (quoting *Birchfield*, 136 S. Ct. at 2186).  Appellant noted that *Birchfield* included a consolidated case of *Beylund v. Grant Levi, Dir., North Dakota Dept. of Trans.*  In that case, the Supreme Court remanded the matter for a new trial, holding, "[b]ecause voluntariness of consent to a search must be 'determined from the totality of all the circumstances,' we leave it to the state court on remand to reevaluate Beylund's consent given the inaccuracy of the officer's advisory."  Post-Sentence Motion, 9/1/16, at ¶ 10 (citing *Birchfield*, 136 S. Ct. at 2186).  Appellant further noted that because his trial was held on June 22, 2016, and *Birchfield* was not decided until June 23, 2016, defense counsel could not have raised a challenge premised on the holding of *Birchfield* prior to trial.  Finally, Appellant raised the claim he noted at sentencing, that the verdict was against the weight of the evidence because the jury based its finding of guilt on Count 1 on the inadmissible BAC evidence.

The Commonwealth filed an answer, asserting Appellant waived any challenge to the voluntariness of his consent by failing to raise the issue in his omnibus pre-trial motion.  The Commonwealth conceded Appellant's case was not yet final when *Birchfield* was decided and that Appellant first raised his *Birchfield* issue in his timely filed post-sentence

motion.[4]  However, the Commonwealth argued that retroactivity only applies in cases where the question is properly preserved at all stages.  Commonwealth's Answer, 10/4/16, at ¶ 6 (citing *Commonwealth v. Cabeza*, 469 A.2d 146, 148 (Pa. 1983) ("[W]here an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal.")).

On October 14, 2016, the trial court granted Appellant's post-sentence motion and awarded Appellant a new trial.  In granting Appellant's motion, the trial court noted its disagreement with the Commonwealth's assertion that *Cabeza* should apply, concluding *Cabeza* "was not a constitutional case or a case of constitutional rights."  Trial Court Order, 10/31/16, at 1.  Rather, the trial court found persuasive *Commonwealth v. Marshall*, 824 A.2d 323 (Pa. Super. 2003), which "held that inadmissible preliminary breath tests prejudiced the defendant in a general impairment case and the Superior Court ordered a new trial."  Trial Court Order, 10/31/16, at 1-2.  Accordingly, the trial court found that Appellant was "similarly prejudiced by the unconstitutional BAC evidence in this case and a new trial is therefore required."  *Id.* at 2.

The Commonwealth timely appealed, averring (1) the trial court erred in granting Appellant's post-sentence motion because Appellant failed to properly preserve the suppression claim in a pre-trial motion, and (2) *Birchfield* created a new constitutional right, as opposed to a new constitutional rule.  In its Rule 1925(a) opinion, the trial court suggested that the Commonwealth, and not Appellant, had waived the preservation issue

---

[4] The record reveals Appellant first raised the *Birchfield* issue at sentencing prior to filing a post-sentence motion.

when the Commonwealth agreed at sentencing that no sentence should be imposed on Count 2 in light of *Birchfield*. Trial Court Opinion, 1/19/17, at 5.

In a unanimous unpublished decision, a three-judge panel of the Superior Court vacated and reversed. *Commonwealth v. Hays*, No. 1787 MDA 2016 (Pa. Super. Jan. 19, 2018) (unpublished memorandum). The court held that because Appellant "did not raise any claim at, or before, trial that his consent to the blood draw was involuntary, the trial court erred in granting [Appellant]'s post-sentence motion." *Id.* at 5-6. The court cited its prior decision in *Commonwealth v. Moyer*, 171 A.3d 849 (Pa. Super. 2017), wherein it affirmed a trial court order denying a post-sentence motion to vacate and remand for a new trial on the basis Moyer's claim was waived for failure to preserve it pursuant to *Cabeza*. *Id.* at 6. Appellant had argued a new trial was warranted because his consent was involuntary under *Birchfield*. *Id.* The *Moyer* court held "[i]n Pennsylvania, it has long been the rule that criminal defendants are not entitled to retroactive application of a new constitutional rule unless they raise and preserve the issue during trial." *Id.* at 7 (citing *Moyer*, 171 A.3d at 855). Accordingly, in the instant case, the Superior Court held, because Appellant failed to challenge his consent to the warrantless blood draw at any stage of the litigation prior to his post-sentence motion, he was not entitled to retroactive application of *Birchfield*. *Id.* at 7.[5]

In this appeal, Appellant continues to pursue the underlying claim, and argues that *Birchfield* should apply to all cases that were not yet final when *Birchfield* was decided. Concisely, Appellant argues that his judgment of sentence is not yet final, *Birchfield* created a new rule, and he is entitled to the benefit of that rule. Appellant's Brief at 18.

---

[5] Based on its finding of waiver, the Superior Court did not address the Commonwealth's argument that *Birchfield* created a new constitutional right as opposed to a new constitutional rule.

Appellant argues, "[i]n Pennsylvania, '[u]nder the *Teague* [*v. Lane,* 489 U.S. 288 (1989)[6]] framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review.'" *Id.* at 9 (quoting *Commonwealth v. Olson*, 179 A.3d 1134, 1139 (Pa. Super. 2018)). Further, "[w]hile retroactive application of a new rule of law is a matter of judicial discretion usually exercised on a case-by-case basis, the general rule is that the decision announcing a new rule of law is applied retroactively so that a party whose case is pending on direct appeal is entitled to the benefit of the changes in the law." *Id.* (quoting *In re L.J.*, 79 A.3d 1073, 1087 (Pa. 2013)). Following this framework, Appellant argues that under *Birchfield*'s pronouncement of a new constitutional rule, his consent to submit to a blood draw was involuntary, and he raised that issue at his first opportunity, here, prior to sentencing.

Appellant does not, however, address Pennsylvania's issue preclusion principle as articulated by *Cabeza* and its progeny which formed the basis of the Superior Court's holding. Rather, Appellant focuses his argument solely on the aforementioned substantive question of retroactivity to cases pending on direct appeal asserting that he "did not have the legal authority available to stand on to raise the issue of voluntariness of his consent to the blood draw prior to *Birchfield.*" Appellant's Brief at 12.

The Commonwealth responds by asserting that in Pennsylvania, "it has 'long been the rule that criminal defendants are not entitled to retroactive application of a new constitutional rule unless they raise and preserve the issue during trial.'" Commonwealth's Brief at 14 (quoting *Moyer*, 171 A.3d at 855 (internal citation omitted)).

---

[6] "Under the *Teague* line of cases, a new rule of constitutional law is generally retrospectively applicable only to cases pending on direct appellate review. … In other cases, retroactive effect is accorded only to rules deemed substantive in character, and to 'watershed rules of criminal procedure' which 'alter our understanding of the bedrock procedural elements' of the adjudicatory process." *Commonwealth v. Washington*, 142 A.3d 810, 813 (Pa. 2016) (quoting, *Teague,* 489 U.S. at 311 (citations omitted)).

More specifically, the Commonwealth notes that when "an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal." *Id.* (quoting *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (citing *Cabeza*, 469 A.2d at 148)). The Commonwealth then cites *Moyer*, which involved a defendant sentenced two days prior to *Birchfield*, after which the defendant filed a post-sentence motion arguing *Birchfield* should apply. The Superior Court held that, although *Birchfield* applied retroactively, it did not apply to Moyer because she did not properly preserve the issue and failed to raise it prior to her post-sentence motion. Analogizing Appellant's case to *Moyer*, the Commonwealth urges this Court to affirm the Superior Court.

The Defender Association of Philadelphia, in an amicus brief, advances an argument on what it refers to as the unencumbered question of retroactivity of a United States Supreme Court federal constitutional decision to Pennsylvania cases not yet final, essentially putting aside the procedural issues in this particular case. Amicus asserts "[t]here is no question that *Birchfield* - a United States Supreme Court decision articulating a new federal constitutional rule - has retroactive application to cases not yet final when *Birchfield* was decided." Amicus Brief at 17. Amicus then notes, the "Federal law does not speak to Pennsylvania procedural requirements necessary to avoid forfeiture of such a claim[,]" and urges this Court to adopt a rule that does not require preservation at trial prior to the pronouncement of the new rule. *Id.*

This Court granted review to determine whether *Birchfield* should apply to all cases not yet final when the decision was rendered. As evidenced by the parties' arguments, our inquiry must first determine whether the issue must be preserved at all stages in the

lower courts. Taking the facts as they are, both parties agreed at the time of sentencing that *Birchfield* should apply in this case, illustrated by the fact that at sentencing *Birchfield* was applied to Count 2 and no sentence was imposed. Now, each party asserts the other has waived any challenge by failing to preserve the issue in the lower courts as it relates to Count 1. Appellant claims that the Commonwealth has waived any challenge by its admission at the time of sentencing that *Birchfield* applied despite Appellant's failure to raise the claim earlier. Conversely, the Commonwealth maintains that Appellant's failure to preserve his claim at all stages of adjudication should result in waiver.

Prior to addressing the merits of Appellant's retroactivity claim, our review necessarily begins with a discussion of *Cabeza,* the seminal case relied on by the Superior Court here and in *Moyer*.[7] In *Cabeza*, this Court was asked to determine whether a rule it announced in *Commonwealth v. Scott*, 436 A.2d 611 (Pa. 1981), applied to Cabeza's case which was pending on appeal at the time the decision in *Scott* was rendered. The *Cabeza* Court noted, "[i]n *Scott* we rejected the rule that allowed a prosecutor to cross-examine character witnesses as to mere arrests of the accused." *Cabeza*, 469 A.2d at 147. The Court went on to note, "[i]n both [*Cabeza* and *Scott*], a defense challenge to the ruling was raised during trial and the issue preserved and argued in post trial motions and on appeal. The only noteworthy difference between *Scott* and [*Cabeza*] is that *Scott* was argued and decided first." *Id.* at 148. The Court noted that *Cabeza* could just as easily have been the case that overruled the prior law if *Scott* had not been decided first. Therefore, because the two appellants were similarly situated, this Court concluded that where "an appellate decision overrules prior law and announces a

---

[7] "[T]he appellate court must give retroactive effect [to a new rule] . . . *,* subject, of course, to established principles of waiver, harmless error, and the like." *Commonwealth v. Gillespie*, 516 A.2d 1180, 1183 (Pa. 1986) (citing *Shea v. Louisiana*, 470 U.S. 51, 58 n.4 (1985)).

new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal." *Id.*

Despite the Superior Court's reliance on the holding of *Cabeza*, Appellant declined to address *Cabeza*, or argue that its holding should not apply in the instant matter. Likewise, the Defender Association of Philadelphia seems to acknowledge *Cabeza*'s applicability but argues under its holding "very few litigants will see relief." Amicus Brief at 17. Amicus urges this Court to adopt the view of a concurring opinion in *Commonwealth v. Napold*, 170 A.3d 1165 (Pa. Super. 2017), which acknowledged *Cabeza* controlled but advocated for a new rule which would "consider an issue preserved when it is raised in a timely fashion **after** the creation of the new rule on which it is grounded." *Id.* at 1170 (emphasis in original).

While this invitation has some appeal, Appellant has failed to argue or persuade this Court that *Cabeza* should be overruled, and this Court declines to revisit this well-established law at this time. Instantly, Appellant failed to assert at or before trial that his consent was coerced. In *Cabeza*, Cabeza took the same steps Scott did to preserve his issue for appellate review. Likewise, Appellant could have taken the steps Beylund took to preserve his challenge at all phases of litigation, and thus would have been similarly situated. Appellant is not entitled to retroactive application of *Birchfield* based on his failure to preserve the issue below. *See Cabeza*, 469 A.2d at 148 ("where an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases **where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal**.") (emphasis added); *see also Commonwealth v. Sneed*, 899 A.2d 1067, 1076 (Pa. 2006) ("[i]t is well-settled that in order

for a new rule of law to apply retroactively to a case pending on direct appeal, the issue had to be preserved at all stages of adjudication, including at trial and on direct appeal."); *Commonwealth v. Tilley*, 780 A.2d 649, 652 (Pa. 2001) ("[c]ase law is clear, however, that in order for a new rule of law to apply retroactively to a case pending on direct appeal, the issue had to be preserved at "all stages of adjudication up to and including the direct appeal.")

Accordingly, we affirm the opinion of the Superior Court.

Chief Justice Saylor and Justices Baer and Dougherty join the opinion.

Chief Justice Saylor files a concurring opinion.

Justice Donohue files a dissenting opinion in which Justices Todd and Wecht join.